### SOUTHERN RAILWAY CO. *v* HODGSON BROTHERS CO.

1. Where a case was being tried by the judge without the intervention of a jury, and the parties in open court stated certain facts "which were agreed on by both parties to be true," there being nothing said in the agreement to qualify its terms, the facts thus agreed to for the purposes of the trial must be accepted as the truth and as binding upon both parties, notwithstanding they may be contradicted by certain admissions made in the answer of one of the parties, favorable to his adversary. *Luther* v. *Clay*, 100 *Ga.* 236 (28 S. E. 46, 39 L. R. A. 95); 1 Enc. Ev. 473; Pillsbury *v.* Brown, 82 Me. 450 (19 Atl. 858, 9 L. R. A. 94); Saltonstall *v.* Russell, 152 U. S. 628 (14 Sup. Ct. 733, 38 L. ed. 576); Folger *v.* Insurance Co., 99 Mass. 267 (96 Am. D. 747); Sawyer *v.* Corse, 17 Grattan, 230 (94 Am. D. 445).

2. A person who has committed a tort by conversion of the property of another is not subject to garnishment on account of such conversion, at the instance of a creditor of the owner of the goods, until final judgment has been recovered by such owner for the damages arising from the conversion. Civil Code, §§ 5272, 5265; *Gamble* v. *Central Railroad etc. Co.*, 80 *Ga.* 595 (7 S. E. 315, 12 Am. St. R. 276); *Bates* v. *Forsyth*, 69 *Ga.* 365; Selheimer *v.* Elder, 98 Pa. 154; Keyes *v.* Milwaukee &c. Ry. Co., 25 Wis. 691; Rood on Garnishment, 183.

3. Where an owner of goods delivers them to a railroad company to be shipped to a designated point, and a bill of lading is issued to the owner, in which he is named as both shipper and consignee, and which contains a direction to "notify" a third person, it is the duty of the railroad company, unless otherwise instructed by the owner or by some holder of the bill of lading properly indorsed, after transporting the goods to the place of destination, to make delivery thereof to the holder of the bill of lading, or one duly authorized by such holder to receive the same. The company is not authorized to make delivery to the person designated to be notified, to whom the bill of lading has never been assigned, or to any other person acting upon his order. *Florida Central &c. R. Co.* v. *Berry*, 116 *Ga.* 19 (42 S. E. 371). Therefore such a delivery would amount to a conversion. *Merchants &c. Transportation Co.* v. *Moore*, 124 *Ga.* 482 (52 S. E. 802) ; *Brothers* v. *Horne*, 140 *Ga.* 617 (79 S. E. 468).

4. Where the shipment involved transportation between points in different States over the lines of several connecting railroads engaged as common carriers, and the conversion was committed by the last carrier by making a wrongful delivery of the goods, the holder of the bill of lading had an option to sue the initial carrier under the provisions of the act of Congress commonly called the Carmack amendment (U. S. Comp. Stat. 1916, § 8604 a) ; Georgia etc. Ry. Co. v. Blish Co., 241 U. S. 190 (36 Sup. Ct. 541, 6 L. ed. 948). Or the holder could sue the last carrier. *Southern Ry. Co.* v. *Morris*, 147 *Ga.* 729 (95 S. E. 284). And where the holder of the bill of lading obtained a judgment for the conversion against the initial carrier alone, the judgment not being one against the last carrier, it will not amount to such liquidation of the demand between those parties as to render it subject to garnishment at the suit of a creditor of the holder of the bill of lading.

No. 860.   February 24, 1919.

Certiorari; from Court of Appeals.   21 *Ga. App.* 753.

Blanton Fortson, for plaintiff in error.

Wolver M. Smith and Erwin, Rucker & Erwin, contra.

Atkinson, J.   Hodgson Brothers Company sued out an attachment against Harris Brothers Grain Company, a non-resident of the State. The attachment was levied by process of garnishment served upon the Southern Railway Company. The garnishee answered not indebted, and that it had no property in its hands belonging to the defendant, etc.; and a traverse of the answer was duly filed. A judgment was rendered in the attachment suit in favor of the plaintiff, which was not excepted to. The garnishment case was tried upon an agreed statement of facts, as follows: "In June, 1915, the Fort Worth & Rio Grande Railway Company received from the Harris Brothers Grain Company, at Rochelle, Texas, certain sacks of oats consigned to Harris Brothers Grain

Company, Greenville, S. C., with instructions from the shippers to notify Hodgson Brothers Company at Athens, Georgia, upon the arrival of the car at Greenville, S. C. A bill of lading was issued with draft attached, drawn by Harris Brothers Grain Company for $559.30, with instruction that the paid freight bill was to be deducted from this amount and accepted as cash. This shipment of oats was received by the Southern Railway Company from its connecting carrier, and by it transported to Greenville, S. C., where it arrived on or about July 10th, 1915. In the meanwhile Hodgson Brothers Company had transferred the invoice covering the shipment to the Acme Feed Company of Greenville, S. C., and upon the order of Hodgson Brothers Company (Harris Brothers Grain Company having notified the Southern Railway Company, on June 15th, 1915, that the car of oats was for Hodgson Brothers Company of Athens) it was delivered by the Southern Railway Company to the Acme Feed Company on July 10th, 1915, upon that company paying to the Southern Railway Company $559.30, $240.40 of which was the freight charges to which the Southern Railway Company was entitled; thus leaving a balance in the hands of the Southern Railway Company of $318.90. After the car of oats had been delivered as above set forth, the Southern Railway Company received, on or about July 16th, 1915, another order from Harris Brothers Grain Company, dated July 14th, 1915, instructing the railway company to deliver the car of oats to A. M. Hayes of Greenville, S. C.; but at that time the car had already been delivered to the Acme Feed Company, as above set forth. After summons of garnishment was served on July 14th, 1915, on the Southern Railway Company, the defendant, Harris Brothers Grain Company, brought suit against the initial carrier, the Fort Worth & Rio Grande Railway Company, in the county court of Dallas County, Texas, on account of the alleged wrongful delivery of this car of oats; and on February 17, 1916, a judgment was obtained against the Fort Worth & Rio Grande Railway Company for $399.10, the Southern Railway Company's plea of privilege having been sustained by the Texas court, and the suit as to it having been dismissed." The answer of the garnishee stated, among other things, that the oats were delivered to the Acme Feed Company "upon the order of Harris Brothers Grain Company, the consignor." There was no evidence as to indorse-

ment or transfer of the bill of lading. A judgment was rendered against the garnishee, and it carried the case to the Court of Appeals by writ of error. The judgment of the trial court was there affirmed, and a writ of certiorari to that judgment was granted by this court.

Applying to the foregoing facts the rulings stated in the headnotes, the judgment of the Court of Appeals is reversed and the cause remanded. *Judgment reversed. All the Justices concur.*