TRAYLOR, clerk, for use, etc., *et al. v.* GORMLEY, superintendent of banks, *et al.*

GILBERT, J. 1. Where the clerk of the superior court of Troup County collected funds from fines and forfeitures, which said funds were required by law to be deposited to the credit of the county in a bank lawfully designated as a county depository, and where said clerk deposited

186

the said funds in said bank to the credit of "G. T. Traylor, C. S. C.," such deposit is the individual deposit of the clerk. If it should be held that such deposit was made to the credit of the named officer as clerk of the superior court, the result in the present case would not be different.

2. The funds in question never having been deposited in the designated depository to the credit of the county, no lien or preference in favor of the county arises by operation of law.

3. None of the constitutional questions raised will be decided, because they are not necessary for a proper decision of the case.

4. Where a case was being tried by the judge without the intervention of a jury upon a statement of facts upon which the parties agreed, there being nothing in the agreement to qualify its terms, the facts thus agreed to for the purposes of the trial must be accepted as the truth and as binding upon both parties, notwithstanding they may be contradicted by certain admissions made in the answer of one of the parties, favorable to his adversary. *Southern Ry. Co.* v. *Hodgson Co.*, 148 *Ga.* 851 (98 S. E. 541).

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents.*

No. 9539.   June 14, 1933.

*L. L. Meadors* and *Henry Reeves,* for plaintiff.
*M. U. Mooty* and *R. W. Martin,* for defendant.