BARBER, tax-collector, *v.* ROBINSON *et al.,* commissioners.

No. 9836. APRIL 11, 1934.

*John E. Drake* and *W. V. Custer & Son,* for plaintiff.

*H. G. Rawls* and *R. L. Cox,* for defendants.

BELL, J.  L. W. Barber, as tax-collector of Seminole County, brought a suit for mandamus against L. R. Robinson and others, as members of the board of commissioners of roads and revenues of the county, to compel the issuance of a county warrant to the plaintiff for an amount claimed by him as fees for official services in furnishing to the commissioners lists of tax defaulters for several years. The court sustained a general demurrer to the petition, and the plaintiff excepted. The law prescribing the services alleged to have been performed by the plaintiff and fixing the rate of compensation therefor is as follows: "The tax-collectors shall record in a book kept for the purpose, in alphabetical order and by militia districts, the names of all persons who have not paid their taxes, placing opposite the name of such person the amount he is due for such tax, said record to be made in a well-bound book to be furnished at the expense of the county, and the record so required to be made shall be filed by the first day of July of each year with the court or board of commissioners having charge and control of the county affairs." Civil Code (1910), § 1129. "For the service in making said record, the tax-collector shall have the sum of five dollars for every hundred names so recorded on said book, to be paid out of the county treasury; and for his failure to discharge the duties herein required of him such collector shall forfeit one fourth of his commissions." § 1131. The petition showed upon its face that the records required to be made by the plaintiff were never filed with the board of commissioners, but were kept on file in the office of the plaintiff as tax-collector. It is alleged, however, that the rec-

ords were at all times available for use by the defendants and for public inspection, and that the defendants had full knowledge' of this fact. It is further alleged that the book containing the lists had been referred to from time to time by members of the board, and "that said knowledge and inspection and use by them" amounted to "and in fact was the filing thereof as contemplated by law;" and that the "said board of commissioners have acknowledged such knowledge of same and the filing thereof, for that they have complained that the use of said book by the board of county tax equalizers in making assessments had caused a great many additional dilinquent taxpayers to show up in said county, [and] defendants have further acknowledged the filing of said books by not exacting of petitioner the penalty as described in section 1131 of the Code of Georgia."

The court did not err in sustaining the general demurrer and dismissing the petition. "In order to entitle one to the writ of mandamus, it must appear that he has a clear legal right to have the particular act performed, the doing of which he seeks to have enforced." *Adkins* v. *Bennett,* 138 *Ga.* 118 (74 S. E. 838) ; *Cureton* v. *Wheeler,* 172 *Ga.* 879 (159 S. E. 283). The plaintiff does not show that he complied with the law by filing the books with the commissioners as required by the statute, and without such compliance he was not entitled to demand pay for his services. In *Douglas* v. *Board of Education of Johnson County,* 164 *Ga.* 271, 276 (138 S. E. 226), it was said: "To enforce a ministerial duty, as contradistinguished from one which is merely discretionary, the obligation must be both peremptory and plainly defined; the law must not only authorize the act, but it must require the act to be done." The present case does not involve the performance of a service actually consummated but not performed within the prescribed time. A different case might be presented if the books had been filed with the commissioners but had not been filed strictly by July 1 of each year within the letter of the statute. Whether or not the writ of mandamus might issue in that case, the petition here discloses upon its face that the books were never filed at all with the commissioners; and it is thus apparent that the plaintiff did not complete the service for which he is seeking compensation upon the basis of the statute. The allegations that the commissioners knew that the books were of file in the plaintiff's office and

had used the books on different occasions does not alter the case. Others besides the commissioners of roads and revenues might be interested in referring to these books, and might expect to find them in the place designated by law. In any event, these were public records which the tax-collector was required to make and file in accordance with a specific statute, and the commissioners were not authorized to waive compliance. "Powers of all public officers are defined by law, and all persons must take notice thereof. The public can not be estopped by the acts of any officer done in the exercise of a power not conferred." Civil Code (1910), § 303. See also, in this connection, *Brantly* v. *Huff*, 62 *Ga.* 532 (1); *Gill* v. *Cox*, 163 *Ga.* 618 (4) (137 S. E. 40). If the service alleged to have been performed had been done in pursuance of a private contract, strict performance could have been waived by the defendants as the parties entitled to full performance; but the same rules which would apply in determining the rights and liabilities of the parties under a private contract can not be invoked by the plaintiff in this case, since all the parties are public officers, and the acts to be done by the plaintiff, as well as the duties of each of the parties, are defined by law. Under the facts of this case the plaintiff could not prevail, because he did not perform all of the acts which were a condition precedent to his right to compensation. 38 C. J. 575, § 49. In this view it is unnecessary to decide whether the petition was fatally defective upon other grounds.

*Judgment affirmed. All the Justices concur.*