WALDEN *et al.* v. CAMP, administratrix, *et al.*

594

No. 16945.   FEBRUARY 16, 1950.   REHEARING DENIED MARCH 15, 1950.

*Dean Owens* and *John W. Maddox,* for plaintiffs in error.

*Gary Hamilton* and *Harris & Harris,* contra.

CANDLER, Justice. (After stating the foregoing facts.) ■ The first two issues raised by the plaintiffs in error can be merged into a single question. Was it erroneous to grant a mandamus absolute directing the county treasurer to pay $6453.80 in his hands arising from insolvent costs in the City Court of Floyd County to former officers or their representatives claiming by virtue of a judgment of said court for insolvent costs dated May 31, 1934, which is admitted to be valid at the time of its issuance, as against the contention that it requires a second payment, or that it fails to credit or allow a set-off for moneys from fines and forfeitures subsequent to such former judgment, collected and retained by them without having the same allowed and approved under order of the court? In *Walden* v. *Bale,* 78 *Ga. App.* 226 (2, 3) (50 S. E. 2d, 844), it was held, in substance: that preceding officers of the City Court of Floyd County were entitled to be paid their insolvent costs, for which they had judgments in the nature of orders duly entered on the minutes of court, out of surplus funds derived from fines, forfeitures, and automobile condemnations in such city court after current officers were paid for bringing the funds into court; and that the law for the payment of insolvent costs in the superior court is applicable to the payment of insolvent costs in the City Court of Floyd County. Ga. L. 1882-83, p. 537, § 5; p. 540, § 18; Ga. L. 1920, p. 329, § 3 et seq. See also *Terrell* v. *Jolly,* 203 *Ga.* 821 (48 S. E. 2d, 517). The Code, § 27-2902, declares that "The officers of the several courts, including the prosecuting officers, shall pay into the county treasury of the county where said court is held all moneys arising from fines and forfeitures by them collected, and, on failure to do so, shall be subject to rule and attachment, as in case of defaulting sheriffs. No such officer shall be required to pay into the treasury, as aforesaid, any such moneys, until all the legal claims on such funds held and owned by said officer bringing the money into court, and the costs due the justices and constables in the particular case by which the funds for distribution were brought into court, shall have

been allowed and paid." Code § 27-2903 provides: "All moneys arising from such fines and forfeitures shall be, at each term of the court, distributed by the solicitor, under order of the court, to such persons and according to the priorities now prescribed by law; and on his failure to do so, he shall be subject to a rule at the instance of any party aggrieved." Code § 27-2904 declares: "The moneys so paid in shall be kept separate and distinct from the county funds arising from other sources, and distinct and separate accounts of said funds shall also be kept as to what court the same was received from, by the county treasurer, and the same shall be paid only for insolvent costs, and in cases where defendants have been acquitted in the manner hereinafter directed." Section 27-2905 provides: "Any officer having a claim against said fund for insolvent costs, or in cases where defendants have been acquitted, if the same accrued in the superior court (or a magistrate's court prior to indictment), shall present to the judge of the superior court an itemized bill of costs claimed; and if the same shall be approved by him, he shall order the same entered on the minutes of the court, and the same shall be a warrant on the county treasurer, to be by him paid out of any fines and forfeitures in the treasury received from the superior court." Code § 27-2906 reads: "Any officer of the county court, having jurisdiction for the trial of misdemeanors in any county, or any notary public or justice of the peace, having a like claim for costs, or before whom a preliminary investigation shall be had, and also constables having a like claim for costs, shall present the same to the judge of said court in the form prescribed in the preceding section; and when an order is approved and entered on the minutes of said county court, if any, and if not, on a book prepared and kept by said county court, notary public or justice of the peace, for that purpose, the same shall be a warrant on the county treasurer, to be paid out of any fines and forfeitures arising from proceedings in said county court in accordance with the laws providing for the distribution of fines and forfeitures in the superior court." And Section 27-2911 is as follows: "In cases where a bill of indictment is preferred and not found true by the grand jury, or where a defendant shall be acquitted by a jury, or where persons liable by law for the payment of costs shall be unable to pay the same,

the officers severally entitled to such costs may present an account therefor to the judge of the court in which the prosecutions were pending, which being examined and allowed by him, he shall order to be paid in the manner prescribed by law, and such account and order. shall be entered on the minutes of the courts." In addition to the above-quoted statutes, the plaintiffs in error cite and rely on *Barber* v. *Robinson*, 178 *Ga.* 721 (174 S. E. 344), wherein it was held that a mandamus would not lie to compel county commissioners to issue a warrant to a tax collector for fees claimed for official services in recording tax defaulters, and where the record made was never filed with the commissioners as required by law, although kept in the tax collector's office. The last-cited case affirmed a dismissal of a petition upon the sustaining of a general demurrer thereto.

In the present case, there was no general demurrer to the petition. The question arises here on exceptions to the order of the trial judge after the case had been submitted to him, by consent of the parties, to be determined without the intervention of a jury on the facts admitted by the pleadings and a written stipulation. Pertinent to the question is a paragraph of the stipulation as follows: "Since May 31, 1934, the date of said order, copy of which is attached marked 'Exhibit A', large sums of money, the exact amount of which cannot be determined without an accounting, have arisen from fines and forfeitures collected by said officers of said city court, and have been applied by them to the payment of their cost claims on said funds for bringing the same into court, but at no time after such date and during the terms of office of said Lamar Camp as solicitor of said city court were the amounts collected by them sufficient to pay more than approximately 60% of their costs claims during such period, and none of such funds collected were paid into the county treasury of said county." It is obvious from the latter portion of the stipulation quoted above that none of the amounts due the officers claiming under the May 31, 1934, judgment for insolvent costs were paid or could have been paid in the later period, and therefore, the credits, set-offs, or accounting sought therefor would not avail the treasurer and Floyd County anything, in view of such stipulation, insofar as the actual moneys received by the officers are concerned. While, under the prin-

ciples ruled in *Walden* v. *Nichols,* 201 *Ga.* 568 (4) (40 S. E. 2d, 644), *Floyd County* v. *Nichols,* 201 *Ga.* 575 (1) (40 S. E. 2d, 648), and *Freeney* v. *Pape,* 185 *Ga.* 1 (7) (194 S. E. 515), it may have been proper for the answer and intervention to set up germane credits or set-offs against the plaintiffs' claims, neither the pleadings nor the stipulation disclosed any actual facts sufficient to substantiate the defenses of payment, but on the other hand the stipulation of facts completely negatived the same. An agreed statement of facts entered into for the purpose of dispensing with proof on some or all of the issues is conclusive, as long as it remains in the case, so as to preclude introduction of contradictory evidence. *United States Fidelity & Guaranty Co.* v. *Clarke,* 187 *Ga.* 774 (3) (2 S. E. 2d, 608), and cases cited; Code, § 38-114. The judgment for insolvent costs dated May 31, 1934, upon which the officers predicate their claims for payment, was duly allowed and approved under order of the court and recorded. The fact that some of the same officers during a later period collected from fines arising during the later period an amount not more than 60% of the costs due them for such later period, without making reports or having the same allowed and approved under the order of the court, would not in our opinion require the trial judge, passing upon questions of law and fact by consent in the mandamus, to find that the said May 31, 1934, order and judgment had been paid in whole or in part, for any reason assigned in the grounds discussed in this division of the opinion.

(a) In view of the provisions of the stipulation of facts and the principles ruled in division 1 hereinabove, the judgment for mandamus absolute did not unlawfully deny an accounting, and the assignment of error raising that question is without merit.

■ The ground which assigned error because the judgment for mandamus absolute failed to prorate funds in the hands of the treasurer to unpaid orders of all former officers was expressly abandoned in the briefs of the plaintiffs in error, "insofar as it related to the failure of the mandamus order to require any payment to J. P. Terry and H. O. Littlejohn, Justices of the Peace, who were among the officers in whose favor the insolvent-cost order dated May 31, 1934, was rendered." Although the stipulation of facts made some general reference to officers of the su-

perior court having cost claims under orders that were allowed and recorded, there was no specific data in the stipulation or the pleadings showing any names, amounts, or dates, or that the claims of superior court officers were in any wise a charge against the particular sums from fines and forfeitures in the hands of the treasurer derived from said city court for the period in dispute. For this reason, this ground is without merit.

■ It is contended by the plaintiffs in error that the petition-ers for mandamus in the court below failed to show that they have a clear legal right to have the said cost order and judgment of May 31, 1934, paid. For the reasons discussed and upon the principles ruled in division 1 of this opinion, this ground is not meritorious.

■ The judgment for mandamus absolute is not erroneous for any of the reasons assigned.

*Judgment affirmed. All the Justices concur.*