39373. SCHOOL BOY SPORTWEAR CORPORATION v. CORNELIA GARMENT COMPANY.

FRANKUM, Judge. Cornelia Garment Company, hereinafter referred to as the plaintiff, sued out an attachment against School Boy Sportwear Corporation, a nonresident corporation, hereinafter referred to as the defendant, based upon an alleged account in the amount of $5,785.85, and after property of the defendant had been levied upon, the plaintiff duly filed its declaration in attachment. The defendant filed an answer denying that it was indebted to the plaintiff and a cross-action in which it alleged that the defendant was entitled to recover of the plaintiff the sum of $17,783.41. Of this amount the defendant alleged that it loaned to the plaintiff $3,303.48, which was past due and unpaid. The defendant contended that the plaintiff breached agreements between the plaintiff and the defendant, and the remaining amount of the cross-action was for damages the defendant claimed

it thereby sustained. Upon the trial, the jury returned a verdict for the plaintiff in the amount of $3,500. The defendant filed a motion for a new trial upon the usual general grounds, and later, by amendment, added several special grounds. The motion for a new trial, as amended, was overruled. The exception is to this ruling. The defendant does not insist upon the general grounds of its motion for a new trial. *Held:*

1. Special ground 1 of the motion for a new trial complains of the admission in evidence of a letter addressed to the defendant which had been sent by the plaintiff's auditors to the defendant. The letter stated an amount the plaintiff claimed that the defendant owed it and requested a verification of the correctness of the amount. The following was written on the bottom of the letter: "The balance stated above is correct. Signed: /s/ Madeline R. Cohen."

The president of the defendant corporation testified that Madeline R. Cohen was one of the bookkeepers of defendant, and that most of the books were kept by her. He identified the signature on the bottom of the letter as being that of Madeline R. Cohen. However, he testified that she did not have the authority to verify large accounts.

The president of the plaintiff corporation testified that on occasions when he visited the defendant's offices, he would see Madeline Cohen and sometimes talk to her about the books and accounts. He identified the signature on the bottom of the letter as the signature of Madeline R. Cohen, a bookkeeper of the defendant. He further testified that the letter was sent to the defendant on behalf of the plaintiff corporation by its auditors in the usual course and conduct of the plaintiff's business.

We are of the opinion that the evidence shows a sufficient foundation to identify and authenticate the letter as indicating a business transaction between agents of the plaintiff and defendant corporations so as to make it admissible in evidence. *Code* § 38-302. See also *Ragan v. Smith*, 103 Ga. 556 (29 SE 759); Green, Georgia Law of Evidence, Chapter VII. Whether or not under these facts and circumstances the defendant's employee had authority to verify the amount of indebtedness stated in the letter was a jury question. See *Sinclair Refining Co. v. First Nat. Bank*, 45 Ga. App. 769 (165 SE 860). This ground is without merit.

2. During the course of the trial the parties made the following stipulation: "It is stipulated and agreed between the parties that the sum of $3,303.48 was invoiced as losses to School Boy Sportwear Corporation by Cornelia Garment Company for losses in the manufacture of garments referred to in the oral testimony and documentary evidence and that said sum was paid by School Boy Sportwear Corporation to Cornelia Garment Company."

The court charged the jury as follows: "Gentlemen of the jury, there is a stipulation in the evidence, and I charge you as follows about the stipulation. When opposing counsel enters into a stipulation with regard to the evidence which may be produced in the trial, the effect of that stipulation is not thereby to admit any liability or to admit any fault on the part of the parties. It is merely to agree that such factual material may be received in evidence, that is, what the agreement amounts to, so you are not to draw any inference hurtful to any party merely from the fact that such party might have stipulated that certain factual material might be offered in evidence by the opposing party." Movant contends that the charge given by the court was misleading and confusing to the jury in certain particulars and that the charge was incorrect as an abstract principle of law.

In another special ground of the motion movant contends that the court erred in failing to charge without a request the following: "The parties are bound by such stipulation as far as it purports to stipulate facts and no further proof of stipulated facts is necessary." We will consider these two grounds together.

The evidence tends to show a sharp conflict as to whether the defendant made a loan of $3,303.48 to the plaintiff, or whether said amount was delivered to plaintiff as payment covering losses sustained by the plaintiff in manufacturing goods for the defendant, which the plaintiff contends the defendant agreed to pay.

The effect of an agreed statement of facts entered into between the parties to a suit has been clearly stated in *Walden v. Camp*, 206 Ga. 593, 602 (58 SE2d 175): "An agreed statement of facts entered into for the purpose of dispensing with proof on some or all of the issues is conclusive, as long as it

remains in the case, so as to preclude introduction of contradictory evidence." To the same effect see *Southern R. Co. v. Hodgson Bros. Co.,* 148 Ga. 851 (98 SE 541); *Traylor v. Gormley,* 177 Ga. 185 (169 SE 850); *Tribble v. State,* 89 Ga. App. 593 (80 SE2d 711). See also *U. S. Fidelity &c. Co. v. Clarke,* 187 Ga. 774 (3) (2 SE2d 608).

Undoubtedly, another sound proposition of law is: "When the judge undertakes to charge the law upon a particular subject, he should charge all on the subject that is material and applicable to the case." *Tucker v. Talmadge,* 186 Ga. 798, 800 (198 SE 726). See *Hinson v. Hooks,* 27 Ga. App. 430 (108 SE 822).

We are of the opinion that the charge as given tended to confuse and mislead the jury and probably left them in a state of quandary as to what weight and credit, if any, should be given to the stipulation. It probably led the jury to believe that the stipulation merely allowed the parties to introduce evidence to substantiate such facts stipulated when the court should have instructed the jury with reference to the stipulation, in substance, that: "The parties are bound by such stipulation as far as it purports to stipulate facts and no further proof of stipulated facts is necessary."

Accordingly, it was error to overrule the defendant's motion for a new trial.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*

DECIDED MAY 23, 1962.

*Kimzey & Kimzey, Herbert B. Kimzey,* for plaintiff in error. *Kimzey & Crawford,* contra.