## 48983. GOOLSBY et al. v. ALLSTATE INSURANCE COMPANY.

EBERHARDT, Presiding Judge. Allstate Insurance Company issued to S. L. Goolsby an automobile liability insurance policy which also carried medical payments and uninsured motorist coverages. On April 5, 1971, while the policy was in force, the insured's wife, Alice, was involved in an automobile collision with Herbert U. Bradford.

On April 5, 1971 the insured gave notice to Allstate of the fact that the collision had occurred and that his wife had been injured in it. Subsequently an agent of the company informed him that the matter would be investigated, which apparently was done. Medical bills were submitted for $391.58 and $165.00, each of which was paid by check of the company under the medical payments coverage of the policy.

On April 4, 1973 the insured and his wife brought an action on the policy against Allstate only. No other party defendant was named and there was no allegation that the tortfeasor had been sued or that a judgment had been obtained against him, or that there had been any waiver of the requirement that judgment against the tortfeasor be obtained before instituting an action against the company on the uninsured motorist coverage.

Plaintiffs alleged that Mrs. Goolsby had suffered serious injury, and had incurred medical bills of $3,673.32, which Allstate had failed and refused to pay.

Defendant filed defensive pleadings, admitting the issuance of the policy which had medical payments coverage up to $2,000, that it also provided uninsured motorist coverage, and that the collision had occurred between Mrs. Goolsby and Bradford. It admitted that a claim for damages for Mrs. Goolsby's injuries had been made against Allstate, but asserted that investigation of the circumstances of the collision revealed that she and not Bradford had been at fault, and thus that the claim had been denied. It asserted its willingness to pay all medical bills up to the extent of the medical payments coverage.

Defendant filed interrogatories seeking from the plaintiffs an itemization of all medical and doctor bills, which plaintiffs failed to answer. An order was obtained requiring answer on pain of appropriate sanction, and attorney fees of $100 were awarded for obtaining the order. A pre-trial hearing was held and the interrogatories still had not been answered, though the time as

fixed in the order had expired. Counsel for plaintiffs and defendant stipulated that Allstate was liable for the medical expenses incurred by Mrs. Goolsby on account of her injuries up to the policy limit of $2,000, and on August 23, 1973 the court ordered that plaintiffs secure and furnish to defendant within ten days documentary evidence of the medical expenses incurred and that upon so doing the court would enter judgment in favor of the plaintiffs for the documented amount up to the policy limit.

Defendant moved for judgment on the pleadings as to the uninsured motorist coverage, and after argument judgment was so entered June 4, 1973.

The medical expenses were documented at a sum in excess of $2,000 and judgment was rendered September 25, 1973 against the defendant for $2,000 in accordance with the stipulation and previous order requiring documentation.

On October 22, 1973 the plaintiffs filed their notice of appeal "from the judgment entered in this action September 25, 1973," and from "the order on defendant's motion for judgment on the pleadings entered on June 4, 1973."

Error is enumerated (a) on the ground that the court "sitting without a jury, erred in holding that it appearing from the exhibits thereto attached that the medical expenses incurred by the plaintiffs within the twelve months period immediately following the date of the occurrence, by reason of injuries sustained by the plaintiff Alice H. Goolsby in the collision which occurred on April 5, 1971, exceed the policy limits of $2,000 only, in ordering that execution issue accordingly," and (b) that the court erred, "sitting without a jury, when it entered judgment in favor of the defendant and against the plaintiffs as far as the complaint relates to any claims other than a claim for medical payments under the policy sued upon." *Held:*

1. We construe the first enumeration to relate to the judgment entered in favor of the plaintiffs for $2,000 under the medical payments coverage.

It is recited in the pre-trial order that "It is stipulated by counsel that the defendant is liable to the plaintiff for all of the medical expenses incurred by reason of the injuries received in the collision which occurred on April 5, 1971, during the twelve months immediately following April 5, 1971 up to the policy limits of $2,000." This provision of the order was binding upon the parties and their counsel, unless altered by some subsequent

order of the court, which does not appear to have been done. Code Ann. § 81A-116.

It is not only binding as a part of the pre-trial order, but so long as it is before the court it is binding because it is a stipulation by the parties upon which a resolution of the issue was to be made, and was binding even though it might in some manner contradict or conflict with the pleadings. *Southern R. Co. v. Hodgson Co.,* 148 Ga. 851 (98 SE 541); *Traylor v. Gormley,* 177 Ga. 185 (4) (169 SE 850). Evidence contrary to the stipulation is not admissible; since it is binding, it may not be disproved. *Walden v. Camp,* 206 Ga. 593, 602 (58 SE2d 175); *School Boy Sportwear Corp. v. Cornelia Garment Co.,* 106 Ga. App. 99, 101 (2) (126 SE2d 248), and citations.

It was also provided in the pre-trial order that "Plaintiff's attorney is to secure and furnish to the defendant's attorney, within 10 days, documentary evidence of such expenses showing the cost of medical treatment, date incurred, name of doctor or hospital and nature of treatment. At the end of the ten day period, the Court may enter judgment against the defendant for properly documented medical expenses incurred during the policy period. Counsel for both parties stipulate to the above pre-trial memorandum."

The judgment for the medical expenses, entered September 25, 1973, recited that the expenses had been documented to an amount exceeding the policy limit of $2,000, and accordingly rendered judgment for the plaintiff in the amount of $2,000.

The plaintiffs thereby received judgment to the full extent of the coverage and liability of the defendant under the policy for medical payments, and no error appears. It was rendered by stipulation or consent of both the plaintiffs and the defendant. "One cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing." *Dodd v. Dodd,* 224 Ga. 746 (164 SE2d 726); *Rowe v. Rowe,* 228 Ga. 302 (1) (185 SE2d 69). Nor do errors asserted which are favorable to the appellant afford a basis for reversal. *Reeves v. Lancaster,* 159 Ga. 540 (5) (126 SE 480). This enumeration is without merit.

2. The second enumeration of error is directed to the entering of a judgment on the pleadings which, though final as to the matter included, was partial and left the case pending until the second judgment, dealt with in the first Division, was entered. Although the grant of a partial *summary* judgment is appealable (Code Ann. § 81A-156 (h)), and although a motion for judgment on the

pleadings shall be treated as one for summary judgment where matters outside the pleadings are presented to and considered by the court in connection with the motion (Code Ann. § 81A-112 (c)), the record here shows that no matter outside the pleadings was presented or considered by the court when making the order on the motion for judgment on the pleadings. Consequently, entry of the judgment of June 4, 1973 was not a partial summary judgment, but a judgment on the pleadings only, leaving the case pending until the judgment of September 25, 1973 was entered.

The judgment of June 4 could have been appealed under a certificate of appealability (Code Ann. § 6-701 (a, 2)), but the plaintiffs elected to await the entry of a final judgment disposing of the case entirely before entering an appeal. This they had a right to do (Code Ann. § 6-701 (a, 1)), and in so doing they are authorized to enumerate error on the prior judgment of June 4. Code Ann. § 6-701 (b).

In rendering the judgment of June 4, the court asserted as a basis for it that "no allegations have been made that judgment has been obtained against the uninsured motorist, Harold U. Bradford, which is a condition precedent to suit against the defendant under the provisions of the uninsured motorists coverage." The court's conclusion that the obtaining of a judgment against the uninsured tortfeasor was and is a condition precedent to recovery under the uninsured motorist coverage is correct. *Quattlebaum v. Allstate Ins. Co.*, 119 Ga. App. 791 (1) (168 SE2d 596), and citations. But the Supreme Court has held, in answer to a certified question which we propounded to it, that under the notice pleading provisions of CPA compliance with the condition precedent may appear from the evidence without that fact having been pleaded. *Management Search, Inc. v. Kinard,* 231 Ga. 26 (199 SE2d 899).

Absent a showing of a valid contract of settlement between the plaintiff and the insurance company relative to plaintiff's claim for injuries and on which plaintiff relies for recovery (see *Klag v. Home Ins. Co.,* 116 Ga. App. 678 (2) (158 SE2d 444), or of a waiver, *U. S. F. & G. Co. v. Lockhart,* 229 Ga. 292 (191 SE2d 59)), if the pleadings had shown a noncompliance with the condition precedent, entry of the judgment would have been appropriate, but they do not, and since neither compliance nor noncompliance with the condition appears from them the burden was on the movant to support the motion by showing noncompliance

aliunde the pleadings (contrary to the situation on a trial), and the defendant wholly failed in submitting proof which might have resolved the matter. It could have been done by a request for admission, for example, or it might have been made to appear that no copy of any such suit had been served on Allstate, as the statute requires. In any event, from the status of the record it cannot be said whether this condition precedent has been met, and it was error to enter the judgment.

*Affirmed as to the judgment dealt with in Division 1, and reversed as to the judgment dealt with in Division 2. Pannell and Evans, JJ., concur.*

SUBMITTED JANUARY 14, 1974 — DECIDED FEBRUARY 14, 1974.

*John S. Boswell, Sr.,* for appellants.
*Young, Young & Ellerbee, F. Thomas Young,* for appellee.