## 52099. MILTON INN, INC. v. SPIVA.

STOLZ, Judge.

Plaintiff Spiva brought an action against defendant Milton Inn, Inc., to recover for services rendered under alleged construction contracts. With reference to the

contracts, the complaint alleged merely that the parties "entered into contracts . . ." etc. It is recited in the pre-trial order that "Mr. Spiva brings this suit on the theory of an implied contract allegeding [sic] that he rendered certain services to Milton Inn which created an implied obligation to pay. Milton Inn on the other hand contends that Mr. Spiva was an employee of the general contractor and not an employee of the Milton Inn." The defendant appeals from a verdict and judgment for the plaintiff.

1. Enumerated error 1 is the trial judge's charging the jury on both an express and an implied contract. The appellant contends that the complaint alleged an express contract and that the plaintiff can not be permitted to proceed on the theory of quantum meruit without amending his complaint by adding an additional and alternative count alleging an implied contract.

As we have indicated hereinabove, the complaint did not specify the type of contract sued on, i.e., express or implied, and the pre-trial order provided that the suit was on an implied contract. "This provision of the order was binding upon the parties and their counsel, unless altered by some subsequent order of the court, which does not appear to have been done. Code Ann. § 81A-116.

"It is not only binding as a part of the pre-trial order, but so long as it is before the court it is binding because it is a stipulation by the parties upon which a resolution of the issue was to be made, and was binding even though it might in some manner contradict or conflict with the pleadings. *Southern R. Co. v. Hodgson Co.,* 148 Ga. 851 (98 SE 541); *Traylor v. Gormley,* 177 Ga. 185 (4) (169 SE 850). Evidence contrary to the stipulation is not admissible; since it is binding, it may not be disproved. *Walden v. Camp,* 206 Ga. 593, 602 (58 SE2d 175); *School Boy Sportwear Corp. v. Cornelia Garment Co.,* 106 Ga. App. 99, 101 (2) (126 SE2d 248), and citations." *Goolsby v. Allstate Ins. Co.,* 130 Ga. App. 881, 882 (1) (204 SE2d 789). This is based on the provision of Code Ann. § 81A-116 (Ga. L. 1966, pp. 609, 628; 1967, pp. 226, 231; 1968, pp. 1104, 1106) that "such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice."

The provision of the pre-trial order in question here was binding on the parties unless and until it be altered or modified by some subsequent order of the judge, as is provided for in § 81A-116, which does not appear to have been done. Accordingly, it was error to admit, over the defendant's objection, evidence of an express contract, and to charge on express contract, contrary to the provision of the pre-trial order. However, we do not believe this to be of sufficient gravity to require the grant of a new trial in view of the ample evidence of an implied contract. The case was fully and fairly tried by competent counsel. "A judgment right for any reason will be affirmed by the appellate courts." *Hill v. Willis,* 224 Ga. 263, 267 (3) (161 SE2d 281). This enumerated error is without merit.

2. Enumerated error 2, the denial of the defendant's motion for a directed verdict, is without merit. The plaintiff testified that he was hired by the defendant's chairman of the board to construct the addition to the defendant's inn and that he did so. Evidence was introduced as to the value of the plaintiff's services.

3. Enumerated error 3 is the charge to the jury that, absent a finding of an express or implied contract, the jury would be authorized to award damages based upon an implied obligation to pay. In the absence of a timely objection before the verdict was returned, this contended error will not be reviewed. Code Ann. § 70-207 (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078).

The verdict and judgment were not erroneous for any reason contended.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED APRIL 6, 1976 — DECIDED JUNE 8, 1976.

*Jenkins & Landrum, Edgar L. Jenkins,* for appellant.

*Telford, Stewart & Stephens, J. Douglas Stewart, John E. Girardeau,* for appellee.