## 52817. BRUMBY v. BROOKS.

BELL, Chief Judge.

This case commenced with a fi. fa. issued against an individual who had been president of Ten-Tex Corporation to collect unemployment compensation taxes which the firm had failed to pay during the years 1965 through 1968. As the corporation had no corporate assets available for levy, the Georgia Security Agency of the Department of Labor sought to make the appellant pay under the terms of Code Ann. § 54-650.2. This recites that "All contributions, or taxes, under this Chapter are hereby made a personal debt of the person required hereunder to file the returns or to pay the taxes imposed hereby."

Appellant filed an affidavit of illegality in which he not only challenged the constitutionality of this portion of the statute but averred he was not liable because he was not the officer of the corporation responsible for paying the unemployment compensation taxes.

Upon the first trial the jury found against appellant. His appeal went to the Supreme Court by reason of the constitutional issue. Although the court ruled the statute to be constitutional and also held adversely to appellant on other enumerations, a new trial was granted appellant by reason of an error in the charge. See *Brumby v. Brooks,* 234 Ga. 376 (216 SE2d 288).

Upon re-trial the jury again ruled against appellant. Following the denial of a motion for new trial as amended, the instant appeal was taken. *Held:*

1. Review of the trial transcript reveals that there was sufficient evidence to support the verdict of the jury. The first enumeration of error on the general grounds is without merit.

2. The sole issue in this case is whether or not Brumby is personally liable under Code Ann. § 54-650.2 for the unpaid taxes due by Ten-Tex Corporation pursuant to the Employment Security Act. In the first appeal of this case the Supreme Court defined as liable under that Code section those persons who exercise "significant discretion and control over the disbursements made by the business in satisfaction of its

debts." *Brumby v. Brooks,* 234 Ga. at 380, supra. Enumerations of error 2 and 3 complain of the trial court's failure to give two requested charges, which, it is asserted, would have aided the jury in determining whether or not Brumby was such a person.

Rather than give the requested instructions the trial court gave a complete and thorough charge on the issue to be determined, and the law as given was faithful both as to the facts of the case and the Supreme Court's construction of Code Ann. § 54-650.2. *Brumby v. Brooks,* 234 Ga. at 380, supra. In *Samples v. Green,* 138 Ga. App. 823, 826, we held that "It is not error to refuse or fail to charge in the exact language requested, when the substance of the request is covered adequately and the proper principles of law are embodied in the general charge. *Continental Cas. Co. v. Union Camp Corp.,* 230 Ga. 8 (195 SE2d 417); *Maloy v. Dixon,* 127 Ga. App. 151 (193 SE2d 19)." Accordingly, Enumerations 2 and 3 are without merit.

3. Enumerations 4 and 6 assert error in two portions of the trial court's charge to the jury. The first objected-to charge recited the stipulation of the parties that taxes were due. It is urged that this was incomplete and prejudicial because it did not specify that the taxes were due by Ten-Tex Corporation and not by Brumby in his capacity as an employer. The second objected-to charge instructed the jury that the sole issue for their determination was whether Brumby was required under Code Ann. § 54-560.2 to pay the taxes owed by Ten-Tex for the period 1965 until May 22, 1974. Brumby argues that the period of time with which the trial was concerned was 1965-1968.

Both of these objections are without merit. The trial court correctly charged the jury on the stipulations and issue for determination as set forth in the pre-trial order. The pre-trial order controls the subsequent trial, unless objected to. Code Ann. § 81A-116. See *Milton Inn, Inc. v. Spiva,* 138 Ga. App. 843 (1) (227 SE2d 525); *Goolsby v. Allstate Ins. Co.,* 130 Ga. App. 881 (1) (204 SE2d 789). Appellant can not now for the first time object to the specification of the issue contained in the pre-trial order.

Moreover, the charges did not have the prejudicial effect appellant ascribes to them. The charge to the jury,

when read in its entirety, did not confuse Brumby with the term "employer." The charge clearly set forth that the issue for the jury's determination was whether Brumby was the person required under the Code section to pay the unpaid taxes due by Ten-Tex. There was no confusion of identity. When considered as a whole the charge was clear, accurate and not harmful or prejudicial. See *Brown v. Matthews,* 79 Ga. 1 (4 SE 13); *Hogan v. City-County Hospital of LaGrange,* 138 Ga. App. 906, 910 (4).

4. It is lastly urged that the trial court erred in charging Code Ann. §§ 54-602, 54-647, 54-648 and 54-650.1 because they were irrelevant and immaterial to the issues before the jury and therefore prejudicial. On the previous appeal the Supreme Court held that the giving of Code Ann. § 54-602 was not error. *Brumby v. Brooks,* 234 Ga. 376, 384 (5), supra. In that appeal Brumby also asserted error in the giving of Code §§ 54-648 and 54-650.1. Although not expressly dealt with by the Supreme Court, it did hold that "the rulings of the trial court on the other issues raised by appellant's enumeration of errors are affirmed as being correct." 234 Ga. at 384. Appellant has shown no reasons why these charges were improper. Code Ann. § 54-647 is the only Code section charged here which was not charged and enumerated as error in the previous appeal. It too does not constitute error.

We are convinced that the decision of the Supreme Court is as persuasive here on this appeal as it was on the prior appeal. "The trial court's charge to the jury on the provisions of this statute, when viewed separately, or in light of the whole charge, was not inflammatory and we do not believe it prejudiced appellant's case. Appellant has advanced no persuasive argument why it was harmful and, under the circumstances of this case the error, if any, was harmless." 234 Ga. at 384.

*Judgment affirmed. Clark and Stolz, JJ., concur.*

ARGUED OCTOBER 6, 1976 — DECIDED
OCTOBER 26, 1976.

*Nall, Miller & Cadenhead, James W. Dorsey,* for appellant.

*Samuel C. McCutchen,* for appellee.