56131. HAWKINS et al. v. RICHARDSON-MERRELL, INC. et al.

WEBB, Judge.

Frances and Marion Hawkins filed this action to recover damages for injuries allegedly sustained by Mrs. Hawkins as a result of severe allergic reactions to a sulfa drug manufactured by Richardson-Merrell, Inc., sold by Reed Drug Company, and prescribed by Dr. Joel R. Greenberg. The action against each defendant was based solely upon the theory of negligence. This is indicated by plaintiffs' complaint, and so recited in the trial court's order of January 13, 1977, denying Merrell's motion to compel answers to interrogatories by the plaintiffs, the trial judge stating in the order that his denial was "based upon this court's understanding and determination that as regards defendant Richardson-Merrell, Inc., the sole ground of the plaintiffs' complaint and the sole contention of negligence by the plaintiffs against Richardson-Merrell, Inc., is that defendant Richardson-Merrell, Inc., allegedly failed to warn plaintiffs of the fact that the drug in question contained sulfa."

Following answers to various interrogatories,

requests for admissions, and depositions, Richardson-Merrell, filed on July 29, 1977 its motion for summary judgment, which was granted January 5, 1978. From that order this appeal comes.

The record shows beyond dispute that Frances Hawkins received the medication, AVC vaginal suppositories, from Reed Drug Company pursuant to a prescription by Dr. Greenberg; that Dr. Greenberg determined the dosage of the drug to be used by Mrs. Hawkins; that Dr. Greenberg was a qualified and licensed medical doctor at the time he prescribed the medication for Mrs. Hawkins; that the drug was made available to her solely upon Dr. Greenberg's prescription; that the drug is available for use only upon the prescription of a qualified and licensed medical doctor; that prior to prescribing the drug for use by Mrs. Hawkins, Dr. Greenberg had read the warnings issued by the manufacturer that the drug contained sulfa; that prior to prescribing the drug for use by Mrs. Hawkins, Dr. Greenberg in fact had actual knowledge that such medication contained sulfa; that prior to prescribing the medication for Mrs. Hawkins, Dr. Greenberg had actual knowledge of the possible dangers in use by a person such as Mrs. Hawkins who claimed to be allergic to sulfa; and that Dr. Greenberg received proper and sufficient warning of the contents of the drug before prescribing it for use by Mrs. Hawkins to the extent that this particular drug should not be prescribed for a person allergic to sulfa.

1. Mrs. Hawkins' claim against Richardson-Merrell stands or falls upon whether there is a legal duty on a manufacturer of prescription drugs to warn the person for whom a physician has prescribed a drug of known adverse reactions. This court has earlier answered that question in *Parke, Davis & Co. v. Mayes,* 124 Ga. App. 224 (183 SE2d 410) (1971), wherein Chief Judge Bell stated: "These cases were brought to recover for damages arising from the illness of aplastic anemia caused by the consumption of chloromycetin, a drug manufactured by Parke, Davis & Company. Counsel are in accord that the appellant pharmaceutical company gave proper and sufficient warning to the medical profession of the potential hazards accompanying the use

of the drug chloromycetin. They also agree: that the drug was available to no one except by the prescription of a qualified medical doctor; that the dosages allegedly causing the aplastic anemia here were prescribed by a qualified doctor; and that the prescribing doctor had read all of these warnings issued by the company and knew of the possible dangers involved in the use of the drug. Under these circumstances, the company fulfilled its duty and no liability attached. Ordinarily, in the case of prescription drugs, a warning as to possible danger in its use to the prescribing physician is sufficient. *Webb v. Sandoz Chemical Works,* 85 Ga. App. 405 (69 SE2d 689); [cits.]."

We agree with the sound reasoning of the Fifth Circuit Court of Appeals in Reyes v. Wyeth Laboratories, 498 F2d 1264, 1276 (5th Cir. 1974): "We cannot quarrel with the general proposition that where *prescription* drugs are concerned, the manufacturer's duty to warn is limited to an obligation to advise the prescribing physician of any potential dangers that may result from the drug's use. This special standard for prescription drugs is an understandable exception to the Restatement's general rule that one who markets goods must warn foreseeable ultimate users of dangers inherent in his products. See Restatement (Second) of Torts, Section 388 (1965). Prescription drugs are likely to be complex medicines, esoteric in formula and varied in effect. As a medical expert, the prescribing physician can take into account the propensities of the drug, as well as the susceptibilities of his patient. His is the task of weighing the benefits of any medication against its potential dangers. The choice he makes is an informed one, an individualized medical judgment bottomed on a knowledge of both patient and palliative. Pharmaceutical companies then, who must warn ultimate purchasers of dangers inherent in patent drugs sold over the counter, in selling prescription drugs are required to warn only the prescribing physician, who acts as a 'learned intermediary' between manufacturer and consumer."

2. On appeal the bulk of plaintiff's argument is devoted to urging reversal on the trial court's failure to rule that Richardson-Merrell was liable under the

doctrine of strict liability, regardless of any negligence on its part. While it was briefly suggested in response to Richardson-Merrell's motion for summary judgment that such a recovery should lie under recent decisions, as earlier pointed out, the trial judge specifically ruled that the complaint lay only in negligence. No objection was made to this order, and "The pre-trial order controls the subsequent trial, unless objected to. Code Ann. § 81A-116. See *Milton Inn, Inc. v. Spiva,* 138 Ga. App. 843 (1) (227 SE2d 525); *Goolsby v. Allstate Ins. Co.,* 130 Ga. App. 881 (1) (204 SE2d 789). Appellant cannot now for the first time object to the specification of the issue contained in the pre-trial order." *Brumby v. Brooks,* 140 Ga. App. 210, 211 (230 SE2d 359) (1976). Nor can they argue on appeal the merits of issues excluded from consideration on the trial of the case. *Pilkenton v. Eubanks,* 139 Ga. App. 673 (1(a)) (229 SE2d 146) (1976).

*Judgment affirmed. Bell, C. J., Deen, P. J., Quillian, P. J., Smith, Shulman, Banke and Birdsong, JJ., concur. McMurray, J., concurs in part and dissents in part.*

ARGUED JULY 10, 1978 — DECIDED SEPTEMBER 12, 1978 — REHEARING DENIED OCTOBER 12, 1978 —

*Savell, Williams, Cox & Angel, Henry Angel, Michael K. Jablonski,* for appellants.

*N. Forrest Montet, Smith, Cohen, Ringel, Kohler & Martin, Williston C. White, Hunter S. Allen, Jr.,* for appellees.

McMURRAY, Judge, concurring in part and dissenting in part.

As to the affirmance of the grant of summary judgment in this negligence case where plaintiffs did not base their claims upon strict liability but solely on negligence, I fully concur.

However, I cannot agree to the reasoning of the majority in Division 2 with reference to the law as to pre-trial orders. There has been no trial in this case and the pre-trial order does not in any way control. However, in this instance there has been no pre-trial order but

merely a reference to the trial court specifically ruling that the complaint lay only in negligence. Both *Milton Inn, Inc. v. Spiva,* 138 Ga. App. 843 (1) (227 SE2d 525), and *Goolsby v. Allstate Ins. Co.,* 130 Ga. App. 881 (204 SE2d 789), cited by the majority, involve final judgments, one after a trial by jury and the other by the court sitting without a jury. In the case of *Brumby v. Brooks,* 140 Ga. App. 210, 211 (230 SE2d 359), also cited, wherein the statement is again made that the pre-trial order controls the subsequent trial, it is shown that it also involves a final judgment after a trial. The case of *Pilkenton v. Eubanks,* 139 Ga. App. 673 (1) (a) (229 SE2d 146), also involves a final judgment after trial. None of these cases is controlling here.

I concur with the majority only because the pleadings do not establish that plaintiffs were seeking judgment under the products liability law but were seeking damages by reason of the negligence of the various defendants. Under no circumstances can I agree that we are bound by the trial judge specifically ruling that the complaint lay only in negligence. However, looking at the pleadings it is clearly established that the complaint is only for negligence.

I, therefore, respectfully dissent to Division 2, although I concur in the judgment of affirmance.