## 46573. INABINET v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

JORDAN, Presiding Judge. This is an action by an insured against his automobile collision and liability insurer. The insured damaged his newly acquired automobile and sustained other losses on the date of acquisition, and the insurer denied liability on the basis that an endorsement to the policy excluded coverage on a newly acquired automobile. On motion of the defendant at the close of the evidence for the plaintiff the trial judge directed a verdict for the defendant and entered judgment thereon, from which the plaintiff appeals. *Held:*

1. The evidence does not demand a verdict for the defendant. The plaintiff and his attorney testified, but the testimony of his attorney is irrelevant to the controlling issues on appeal. The insurance contract, as pleaded and proved by the plaintiff, includes language purportedly covering a newly acquired vehicle, and reference on the face of the policy to an endorsement described thereon as "6068.6 Auto Sales." The defendant contended that this referred to an endorsement excluding coverage otherwise provided for a newly acquired vehicle. A careful reading of the testimony of the plaintiff fails to disclose any admission in court that the policy as delivered to him included an endorsement as contended by the defendant, and he explained his deposition testimony, whereby the defendant sought to impeach his testimony in court, as referring to the description on the face of the policy, and not to an actual endorsement attached to or delivered with the policy. The issue of the credibility of the plaintiff, as created by the appearance of a conflict between his testimony in court and out of court, as explained by him, was properly for jury determination, but even if it should be assumed that the endorsement referred to on the face of the policy was delivered to the plaintiff as a part of the contract, it is not in evidence, and we think the trial judge, without evidence of the contract relied upon by the defendant as one purportedly excluding coverage of the claim, was without authority to make an adjudication which in effect determines as a matter of law that the contract excludes the claim.

2. The contention that the trial judge erred in failing to direct a verdict for the plaintiff at the close of the evidence for the plaintiff is without merit. Only the defendant may move for a directed verdict at this stage of a trial. CPA 50 (a); *Code Ann.* § 81A-150 (a); *Kay Enterprises v. Shawmac,* 124 Ga. App. 225 (183 SE2d 503).

*Judgment reversed. Quillian and Evans, JJ., concur.*
ARGUED SEPTEMBER 15, 1971—DECIDED OCTOBER 1, 1971.

*Scott Walters, Jr.,* for appellant.

*Greer & Murray, Malcolm S. Murray, Kenneth C. Pollock,* for appellee.