## 46704.   HILBURN v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.

DEEN, Judge. The petition of the plaintiff administrator alleged that at the time of the wreck Hill was insured by the defendant with a policy covering the vehicle involved, which policy had a medical payments provision covering the funeral and medical bills of Felton, Rackley and Quinn who were passengers in the truck at the time. The defendant denied this statement as alleged, admitted that it did have a liability insurance policy in force, offered to produce the same and generally alleged that the document would speak for itself. This poses a question of fact as to whether the liability insurance policy under consideration contains the standard medical payments clause which ordinarily is so worded as to reimburse in the event of death of a passenger funeral expenses and expenses of the last illness up to a stated amount regardless of the negligence or lack of it on the part of the insured. The duty of paying for funeral expenses is a high priority expense of administration of the estate ranking immediately after year's support. *Code* § 113-1508 (2). A close relative who personally pays such expenses is entitled to recover them out of the assets of the estate. *King*

*v. Dalton,* 85 Ga. App. 641 (69 SE2d 907). The insurer here had previously taken a release of all claims from the widows of the three passengers and in return had issued checks payable jointly to each widow and the mortuary which interred the deceased husband. If it had no medical payments clause in the policy or if there was such a clause which obligated the insurer simply to the payment of the funeral bill, then the checks in question made out directly to the funeral homes would prima facie discharge this obligation.

But the burden is on the movant in summary judgment to establish the lack of any genuine issue of fact, and all doubts are to be resolved against him. The movant here, who is relying upon the policy provisions to determine its freedom from liability and who offered to produce the policy upon the disposition of the case, failed to include it in the record either before us or in the trial court. The single provision quoted is one which normally, in standard automobile liability policies, refers to the liability features of the policy. Without the policy before us there is a failure of proof and we cannot determine whether or not the insurer is entitled to summary judgment in its favor. See *Inabet v. State Farm Mut. Auto. Ins. Co.,* 124 Ga. App. 514 (184 SE2d 514).

*Judgment reversed. Bell, C. J., and Pannell, J., concur.*
ARGUED NOVEMBER 1, 1971—DECIDED NOVEMBER 16, 1971.

*Melton, McKenna & House, Doye E. Green,* for appellant.
*Byrd, Groover & Buford, Floyd M. Buford,* for appellee.