49052. ALLIED VAN LINES, INC. et al. v. HANSON.

STOLZ, Judge.

Allied Van Lines, Inc., and its agent, J. Woodside Storage Co., Inc. (the real party in interest), brought an action to recover from the defendant shipper-consignee the balance allegedly due on shipping charges for the plaintiff carriers' moving of the defendant's household goods and furniture from Georgia to New York. It was alleged that the move was made pursuant to an agreement with the defendant's employer, Art Metal U. S. Corp., and in accordance with the terms of the bill of lading; and that the shipment was delivered subject to the terms and conditions of plaintiff Allied's tariff on file with the Interstate Commerce Commission (which latter was neither admitted nor denied by the defendant for want of sufficient information).

The plaintiffs' evidence showed substantially as follows: The bill of lading, which constituted the contract for shipment, named the defendant as both *shipper* and *consignee,* and contained a notation thereon to bill the defendant's employer ("as a convenience to the defendant"). President Woodside, of the plaintiff agent, testified that he extended credit *to the defendant* on the basis of the assurance that the defendant's employer would pay the bill. Within 15 days after the defendant consignee accepted the shipment, the plaintiffs billed the defendant's employer, who paid a part of the charges then went bankrupt. At least 4 months after the shipment, the plaintiffs billed the defendant for the balance due on the shipping charges.

At the close of the plaintiffs' evidence, both parties moved for a directed verdict. The plaintiffs appeal from the grant of the defendant's motion for a directed verdict. *Held:*

1. " 'A motion for a directed verdict may be made at the close of the evidence offered by an opponent *or at*

*the close of the case.'* Rule 50 (a); CPA § 50 (a) (Code Ann. § 81A-150 (a)). Under this rule the defendant, but not the plaintiff, may move for a directed verdict at the close of the evidence for the plaintiff." (Emphasis supplied.) *Kay Enterprises, Inc. v. Shawmac, Inc.,* 124 Ga. App. 225 (183 SE2d 503). In the case sub judice, however, unlike the *Kay Enterprises* case, the defendant did not offer any evidence; hence, the plaintiffs' motion for a directed verdict, made at the close of their own evidence, was in fact timely made "at the close of the case." However, the trial judge did not err in overruling the plaintiffs' motion for a directed verdict, for the reasons given in our ruling on the grant of the defendant's motion for a directed verdict in Division 2 hereinbelow.

2. "Our own cases have held that the carrier may collect the charges from the shipper or from the consignee, absent a special contract under which the carrier agrees to relieve one or the other." *Aero Mayflower Transit Co. v. Harbin,* 126 Ga. App. 72, 73 (190 SE2d 91) and cits. In *Harbin,* as in the case sub judice, the shipper and the consignee were the same person, and this court held in effect that an agreement that the cost would be billed to another party (the shipper-consignee's employer in both cases), does not constitute such a "special contract."

Here, however, as in *Harbin,* supra, the defendant is not liable because of the plaintiff carrier's violations of Interstate Commerce Commission rules, as published in the Federal Register, which control the decision sub judice. 49 CFR § 1322.3 provides that "motor common carriers of household goods shall present their freight bills for all transportation charges to the *shippers* within 15 calendar days, excluding Saturday, Sunday and holidays, from the first 12:00 o'clock midnight following delivery of the freight." (Emphasis supplied.) The plaintiffs here timely billed, not the "shipper" (the defendant), but the shipper's *employer.* The shipper was not billed until at least 4 months from the delivery. 49 CFR § 1322.1 provides that, while all shipping charges are to be collected from the shipper upon receiving them, or from the consignee upon delivery, a credit arrangement for payment thereof may be made not

exceeding a period of 7 days. Under the evidence and the law, the shipper and/or consignee is the party with primary liability for the charges. Although the shipper-consignee's employer may have agreed to pay these charges in this case, and even began paying them, the defendant shipper-consignee, who was primarily liable, was the person who was required to be billed within 15 days and with whom any credit arrangement for payment was to have been made, neither of which was done here.

Accordingly, the trial judge did not err in directing a verdict in favor of the defendant.

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*

ARGUED FEBRUARY 11, 1974 — DECIDED MARCH 14, 1974 — REHEARING DENIED MARCH 29, 1974 — ▮▮▮▮▮▮▮▮

*J. Matthew Dwyer, Jr., Beryl H. Weiner,* for appellants.

*Henning, Chambers & Mabry, Peter K. Kintz,* for appellee.