30168. LANCE ROOFING COMPANY et al. v.
BOARD OF EDUCATION OF GWINNETT COUNTY
et al.

HILL, Justice.
We granted certiorari to decide the question of whether a board of education is a "public board or body" within the meaning of Code Ann. §§ 23-1705 through 23-1709 and therefore liable to suit as such board of education if it fails to comply with the statutory

requirements for payment bonds on public work contracts.[1]

The Board of Education of Gwinnett County entered into a contract with a general contractor for an addition to a school building. Lance Roofing Company was a subcontractor of the general contractor. When the general contractor failed to pay Lance Roofing, it filed suit against the Board of Education of Gwinnett County alleging that, by accepting the payment bond of a certain surety company, the board of education had violated the duties placed upon it by Code Ann. §§ 23-1705 through 23-1709. Code Ann. § 23-1706 provides that "If such payment bond . . . shall not be taken in manner and form as herein required, the corporation or body for which work is done under the contract shall be liable to all subcontractors and to all persons furnishing labor, skill, tools, machinery or materials to the contractor or subcontractor thereunder, for any loss resulting to them from such failure."

The trial court denied Lance Roofing's motion for summary judgment and also denied the board of education's motion to dismiss, finding that "the Board of Education of Gwinnett County as sued is a proper party and is subject to be sued, there being no legal distinction between a school district and a school board; where, as here, the School Board governs and controls the school district, and the contract herein involved for the construction of a school building was entered into with the Board of Education." The trial court certified its orders for immediate review and both parties appealed.

---

[1]Code Ann. § 23-1705 provides in pertinent part: "No contract with this State, a county, municipal corporation, or any other public board or body thereof, for the doing of any public work shall be valid for any purpose, unless the contractor shall give: . . . (2) A payment bond with good and sufficient surety or sureties, payable to the State, county, municipal corporation, or public board or body thereof for which the work is to be done, and for the use and protection of all subcontractors and all persons supplying labor, materials, machinery, and equipment in the prosecution of the work provided for in said contract."

The Court of Appeals reversed the overruling of the board's motion to dismiss, holding that: "The Board of Education of Gwinnett County is not a body corporate capable of being sued in the ordinary sense . . ." *Lance Roofing Co. v. Bd. of Ed. of Gwinnett County,* 134 Ga. App. 800 (216 SE2d 627) (1975). Since that ruling was dispositive of the case, it was unnecessary for the Court of Appeals to consider the remaining issues. Certiorari was granted to consider the issue specified above.

We commence by observing that Code Ann. §§ 23-1705 and 23-1706 would appear by their terms to be applicable to boards of education. In *Ty Ty Consol. School Dist. v. Colquitt Lumber Co.,* 153 Ga. 426 (1) (112 SE 561) (1922), a materialman brought an action against the school district under Ga. L. 1916, p. 94, the predecessor of the Code sections in issue here. In that case the school district raised the issue of whether it was subject to being sued and this court held that it was. The board of education in the case before us points out that the *Ty Ty* case involved a school district.

In *Bd. of Ed. of McIntosh County v. United Supply Co.,* 34 Ga. App. 581 (3) (131 SE 292) (1925), the Court of Appeals, citing *Ty Ty,* supra, held that a board of education is a public body liable to suit under the provisions of the Act of 1916 (Ga. L. 1916, p. 94). The board of education in the case before us argues that the *McIntosh* case was wrongly decided.

In the present case the Court of Appeals found that the board of education "is not a body corporate capable of being sued in the ordinary sense," and cited numerous decisions for that proposition. None of those cases, however, arose under the statutory liability created by Code Ann. § 23-1706. All those cases involved actions such as breach of contract or tort which are not authorized by specific statute. It is true that a board of education is without authority to be sued in the ordinary sense. *Parker v. Bd. of Ed. of Sumter Co.,* 209 Ga. 5 (2) (70 SE2d 369) (1952); *Mattox v. Bd. of Ed. of Liberty County,* 148 Ga. 577 (2) (97 SE 532) (1918). But § 23-1706 expressly provides for liability where the "corporation or body" (the state, county, municipal corporation or other public board or body, as provided in § 23-1705) has not taken a payment

bond in the required manner or form. We have not found any case, nor has any case been called to our attention, which holds that a board of education is not liable to suit under § 23-1706. The *Ty Ty* and *McIntosh County* cases hold to the contrary.

The board of education argues that a school district is a body corporate and may be sued when it has incurred liability, citing *Wrightsville Consol. School Dist. v. Selig Co.*, 195 Ga. 408 (24 SE2d 306) (1943),[2] that it should have been sued as a school district, citing *Ty Ty Consol. School Dist v. Colquitt Lumber Co.*, supra, but that a board of education does not have the capacity to sue or be sued.[3] This argument suggests that school districts could be sued in contract, tort and other cases without statutory authorization and we decline to adopt it.

We hold that a board of education is a public board within the meaning of Code Ann. § 23-1705, that it is subject to suit under Code Ann. § 23-1706, and that the trial court did not err in finding that the board of education is subject to being sued, as such, in this case. We therefore reverse and remand this case to the Court of Appeals for decision of such issues as remain to be decided.

*Judgment reversed. All the Justices concur. Ingram, J., disqualified.*

ARGUED SEPTEMBER 8, 1975 — DECIDED NOVEMBER 24, 1975.

*Stokes, Boyd & Shapiro, Thomas J. Wingfield,* for appellants.

*Webb, Fowler & Tanner, Jones Webb, J. L. Edmondson, Heyman & Sizemore, Robert Hicks,* for appellees.

---

[2]The *Wrightsville* case was a mandamus action in which the school district and its trustees were named as defendants.

[3]In this connection, see Code Ann. §§ 81A-109 (a), 81A-110 (a), and 81A-115 (c).