## 52395. HILLER v. CULBRETH.

McMurray, Judge.

This case involves a suit for damages for fraud and deceit arising out of a joint venture in the purchase of real property. Plaintiff alleges that relying on statements of the defendant, he did not attend the closing, after agreeing with defendant to a joint venture with him in the purchase of the land, and that he gave the defendant $25,000 as his equal share of the $50,000 to purchase the land plus certain sums to pay for a survey, transfer fee, title insurance and attorney fee, etc. He further alleges that later investigation disclosed the defendant had not paid $50,000 for the land but only $41,679, or $8,321 less than that quoted to plaintiff. Plaintiff then contends he relied on defendant to his detriment. He now sues for his actual damages plus $25,000 in punitive damages.

Defendant answered, denying the claim, pleading estoppel, laches and lack of any agency or fiduciary relationship, and attached a written agreement between them wherein defendant purchased the property and then conveyed a one-half undivided interest. This agreement also states that, "With the exception of the actual costs of the acquisition . . . [plaintiff] . . . will contribute equally to any and all costs and expenses in connection with the maintenance and development . . ." including taxes, surveys, attorney fees, closing costs, etc.

Verdict and judgment was awarded plaintiff in the amount of $5,546.83, and defendant appeals. *Held:*

1. The appeal is from an order dated "March 10, 1976," although an order dated "March 10, 1976" was not filed until March 11, 1976. The motion to dismiss the appeal is denied as it is quite apparent to this court as to which judgment appellant seeks a review. Code Ann. § 6-809 (d) (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 241; 1966, pp. 493, 500; 1968, pp. 1072, 1073, 1074; 1972, p. 624).

2. Circumstances constituting fraud shall be stated with particularity. See Code Ann. § 81A-109 (b) (§ 9, CPA). But a complaint shall not be dismissed unless the averments disclose that plaintiff would not be entitled to relief under any set of facts that could be proved in support of the claim. Thus construing the pleadings in a light most

favorable to the pleader, although unfavorable constructions are possible, a claim of fraud and deceit is stated with particularity where a false representation is alleged to have been made by defendant, knowing same to be false (or knowledge equivalent thereof), made with intent to deceive plaintiff who relied on the representation and sustained loss as a result of such fraudulent representation. *McMichen v. Martin Burks Chevrolet, Inc.,* 128 Ga. App. 482 (1) (197 SE2d 395); *Vickery v. General Finance Corp.,* 126 Ga. App. 403, 405 (199 SE2d 833); *Robinson v. A. Const. Co.,* 130 Ga. App. 56, 58 (2) (202 SE2d 248).

3. The court did not err in denying the motion for judgment on the pleadings (motion to dismiss the complaint), as fraud was plead with sufficient particularity to withstand the motion considered on the pleadings alone. See *McMichen v. Martin Burks Chevrolet, Inc.,* 128 Ga. App. 482, 483 (3), supra.

4. Prior to Ga. L. 1975, pp. 757-759, providing for interlocutory appeals, an order denying summary judgment was not subject to be reviewed by direct appeal *or otherwise* unless within 10 days the trial judge certified the order should be subject to review by direct appeal. See *City of Jesup v. Spivey,* 133 Ga. App. 403, 405 (1) (210 SE2d 859). Under the present amendment of § 56 (h) of the Civil Practice Act, an order denying summary judgment shall be subject to review by obtaining a certificate of immediate review. The words "or otherwise" have now been stricken.

Defendant obtained the certificate of immediate review but did not obtain an order authorizing an interlocutory appeal. Under *Hill v. Willis,* 224 Ga. 263 (2), 266 (161 SE2d 281), defendant having waited until after trial (verdict and judgment), it is too late to seek a review of the motion for summary judgment as the totality of the evidence resulted in a verdict against him. Defendant did not request that the transcript of evidence of the trial be sent up on appeal, hence the verdict and judgment is presumed to be valid. Code § 38-114; *Allen v. Smith,* 223 Ga. 265, 266 (154 SE2d 605), and cases cited therein. There is no merit in the complaint that the summary judgment should have been granted in an appeal after

verdict and judgment.

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

SUBMITTED JULY 6, 1976 — DECIDED JULY 16, 1976.

*Raiford, Hills, Billington & McKeithen, Michael B. McKeithen,* for appellant.
*Dewberry & Avery, C. Richard Avery,* for appellee.