### 53428. PASCOE STEEL CORPORATION v. TURNER COUNTY BOARD OF EDUCATION.

MARSHALL, Judge.

Appellant, Pascoe Steel Corporation, plaintiff below, brings this appeal from the grant of a directed verdict in favor of the Turner County Board of Education at the conclusion of Pascoe's evidence. Prior to presentation of evidence on the merits, Pascoe moved for grant of summary judgment and upon denial of that motion presented evidence before a duly empaneled jury. At the conclusion of its evidence, Pascoe moved for a directed verdict, which was denied. The board of education then moved for a directed verdict, which was granted. By its evidence, Pascoe showed that it had sold a prefabricated

steel building to one Strickland, a general contractor, for delivery to the grounds of the board of education for construction of a building purchased by the school board. Pascoe further showed that it had fully performed its agreement with Strickland, but had never been paid by Strickland for the building material. Demand upon the school board had likewise proved fruitless. The superintendent of schools admitted that the board had contracted with Strickland for the building; that the building had been constructed; that the board did not obtain the performance bond required by Code §§ 23-1705 and 23-1706; that the board had paid the contractor, Strickland, but had never dealt with nor paid the supplier, Pascoe Steel. Appellant enumerates as error the denial of its motions for summary judgment and for a directed verdict, and the grant of the directed verdict in favor of the school board. *Held:*

1. In the first enumeration of error, Pascoe Steel complains that the trial judge erred in denying its motion for summary judgment. There is no provision for review of the denial of a summary judgment in Code Ann. §§ 81A-156 (h) or 6-701 (a) 2 (A), except by direct appeal with a certificate of the trial judge and an application for review to the appropriate appellate court. See Ga. L. 1975, p. 757. In the absence of the proper procedures for appeal of the denial of summary judgment, we cannot consider the first enumeration of error. *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840, 842 (2) (229 SE2d 753) (1976). Furthermore, after verdict and judgment, it is too late to review a judgment denying summary judgment. *Mullinax v. Singleton,* 139 Ga. App. 704, 705 (229 SE2d 518) (1976); *Hiller v. Culbreath,* 139 Ga. App. 351 (228 SE2d 374) (1976).

2. In its second enumeration, Pascoe complains of the denial of its motion for directed verdict after it had rested upon completion of its evidence. This contention likewise is without merit. At the close of the plaintiff's evidence, only the defendant can move for a directed verdict. CPA 50 (a); Code Ann. § 81A-150 (a); *Anderson v. Universal CIT Credit Corp.,* 134 Ga. App. 931 (216 SE2d 719) (1975); *Allied Van Lines v. Hanson,* 131 Ga. App. 506 (206 SE2d 108) (1974); *Inabinet v. State Farm Mut. Auto.*

*Ins. Co.,* 124 Ga. App. 514 (184 SE2d 514) (1971); *Kay Enterprises v. Shawmac,* 124 Ga. App. 225 (183 SE2d 503) (1971). At best, Pascoe's motion for directed verdict was premature because the opposing party had not yet presented any evidence.

3. In its third enumeration of error, Pascoe Steel asserts that the trial judge improperly granted the motion for a directed verdict in favor of the board of education.

As material to this controversy, Code § 23-1705 provides in pertinent part that no contract with a public board for the doing of any public work shall be valid for any purpose unless the contractor shall give a payment bond payable to the public board for the use and protection of persons supplying materials in prosecution of the public work. Ga. L. 1910, p. 86; 1916, pp. 94, 95; 1956, p. 340; 1975, pp. 810, 811. Code § 23-1706, in pertinent part, provides that if the performance bond is not taken as required, the public board for which the work is done under the contract shall be liable to the person furnishing the materials to the contractor for any loss. There is no question that the Turner County Board of Education is a public board nor that the work was of a public nature. *Lance Roofing Co. v. Bd. of Ed.,* 235 Ga. 590, 592 (221 SE2d 23) (1975). Nor is it contested that the board of education did not obtain the required performance bond. The board of education contests its liability because it is asserted that the appellant did not prove that the loss was a result of the failure of the board to obtain the bond nor that Strickland was "judgment proof."

Considering the nature of the pleadings filed by Pascoe Steel and its supporting affidavits, we are at a loss to understand why the trial court did not grant the motion for summary judgment, or why it granted the directed verdict for the board. The parties did not contest the facts, only the legal implication thereof. The parties are in agreement that Pascoe sold material to be used in the performance of a public contract; that the board of education, a public board, accepted these materials; that payment has never been made to the supplier; that no bond was ever taken by the public board; and that the supplier has made demand for payment. This is all that Code §§ 23-1705, 23-1706 require. This made out a prima

facie case in favor of Pascoe Steel and warranted a judgment in its favor in the absence of countervailing evidence by the board. There being no countervailing evidence, the trial court erred in granting the directed verdict in favor of the Turner County Board of Education. See *Lance Roofing Co. v. Bd. of Ed.*, 235 Ga. 590, supra; *Lance Roofing Co. v. Bd. of Ed.*, 138 Ga. App. 364 (226 SE2d 161) (1975).

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

ARGUED FEBRUARY 15, 1977 — DECIDED APRIL 5, 1977 — REHEARING DENIED APRIL 22, 1977 —

*Waldrep & Williams, Ronald M. Mack,* for appellant.
*Reinhardt, Whitley & Sims, Bob Reinhardt, Ralph F. Simpson, Hugh Wilson,* for appellee.