## 54694. BROWN TRANSPORTATION CORPORATION v. ATCON, INC.

MCMURRAY, Judge.

Atcon, Inc., a Georgia corporation, delivered four separate shipments of carpeting materials to Brown Transportation Corporation, operator of Harper Motor Lines, Inc., to be shipped collect to the consignee, Idaho Shippers Association, Salt Lake City, Utah. The carrier

delivered the goods without receiving payment for the freight charges, even though shipped collect. The carrier subsequently billed the consignee on open account but failed to give the shipper any notice whatsoever of this conduct. The carrier failed to collect the freight charges from the consignee. Some seven months later, after extension of credit to the consignee, the carrier realized that the consignee was in serious financial difficulty and the carrier presented the freight bill to the shipper and demanded payment. When Atcon, Inc. refused to pay Brown Transportation Corporation, operator of Harper Motor Lines, Inc., the carrier, sued Atcon, Inc. to recover the shipping charges invoking section 7 of the bill of lading contract. The defendant answered, denying any indebtedness was due and in addition to pleading the defense of failure to state a claim it also raised the affirmative defense of estoppel, fraud, laches and waiver.

After discovery the case came on for trial before the court without a jury. The court held that the plaintiff was in violation of 49 CFR, § 1322.3 in that it failed to bill the defendant shipper as required within seven days of delivery and failed to bill defendant shipper for at least seven months after said discovery. Hence, the plaintiff was entitled to nothing. Plaintiff appeals. *Held:*

1. Generally, the carrier may collect the shipping charges from the shipper or consignee absent a special contract under which the carrier agrees to relieve one or the other. *Aero Mayflower Transit Co. v. Harbin,* 126 Ga. App. 72, 73 (190 SE2d 91); *Allied Van Lines v. Hanson,* 131 Ga. App. 506 (2) (206 SE2d 108). Here the carrier had inserted the following information on the bill of lading, "Subject to Section 7 of Conditions of applicable bill of lading, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement: The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges." This statement was not signed, although the goods were shipped collect. Section 7 of the contract terms and conditions had reference to the fact that the owner or consignee shall pay the freight except in certain instances. But under the authority of *Aero*

*Mayflower Transit Co v. Harbin,* 126 Ga. App. 72, supra, and *Allied Van Lines v. Hanson,* 131 Ga. App. 506, supra, the trial court held that the plaintiff failed to bill the defendant shipper within seven days of delivery as required by 49 CFR § 1322.3, but instead had waited seven months to do so. Hence, the plaintiff had extended credit to the consignee for a period longer than that authorized by the ICC regulations. This case is controlled by the two cases cited. The trial court did not err in rendering judgment for the defendant against the plaintiff.

2. Having properly granted the motion for directed verdict (considered by judge without a jury), it was not necessary to render separate findings of fact and conclusions of law, although the judgment contained both.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

Submitted October 4, 1977 — Decided November 15, 1977 — Rehearing denied December 7, 1977 —

*Siegel & Grude, Bennet Grude, Kenneth Forrest,* for appellant.

*Huie, Sterne, Brown & Ide, D. Lake Rumsey, John R. Lowery,* for appellee.