## 55627. DECKER v. HOUSING AUTHORITY OF COLUMBUS.

BIRDSONG, Judge.

Appellee through its agent filed a dispossessory warrant against appellant alleging that appellant had failed to pay rent due on the premises leased to her. Appellant answered with a counterclaim and motion to dismiss. The case proceeded to trial and the trial court at the conclusion of the appellee-landlord's evidence granted a directed verdict for possession for the landlord. Appellant was then allowed to present evidence only as to her counterclaim, and the jury found for appellant in the amount of "no dollars." Appellant then filed her notice of appeal and set forth three enumerations of error. *Held:*

1. Enumeration of error no. 1 alleges the trial court erred in directing a verdict for appellee (plaintiff in the court below) on motion of appellee at the close of the appellee's evidence. We agree.

"A motion for a directed verdict may be made at the close of the evidence offered by an opponent or at the close of the case." Rule 50 (a); CPA, Par. 50 (a) (Code Ann. § 81A-150 (a)). In the case sub judice, only the appellant could have moved for a directed verdict at the close of appellee's evidence. *Kay Enterprises v. Shawmac,* 124 Ga. App. 225 (183 SE2d 503); *Inabinet v. State Farm &c. Ins. Co.,* 124 Ga. App. 514 (184 SE2d 514); *Pascoe Steel Corp. v. Turner County Bd. of Ed.,* 142 Ga. App. 88 (235 SE2d 554).

The appellant having denied owing the rent and having filed other defenses, the trial judge committed reversible error in granting appellee's motion for directed verdict without permitting evidence on these issues.

2. In view of our holding in the first headnote of this opinion, it is not necessary to pass on the remaining enumerations of error.

*Judgment reversed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED APRIL 10, 1978 — DECIDED JUNE 23, 1978.

*Willie Abrams, Elisabeth Youngerman, John L.*

*Cromartie, Jr.,* for appellant.
*Page, Scrantom, Harris, McGlamry & Chapman, Joan Swift,* for appellee.