## 59617. WESTOVER v. UNITED VAN LINES, INC.

SOGNIER, Judge.

United Van Lines, Inc. seeks to recover shipping charges from W. E. Westover for moving his household goods. Westover was asked to move from Houston, Texas to Atlanta by his employer, Omnibus Group, Inc., who agreed to pay Westover's moving expenses. Westover made arrangements for the move with United and signed an order as shipper/consignee. The order indicated that the bill was to be sent to Omnibus. Westover's employer confirmed the arrangement by a letter to United's representative in Houston authorizing the move at Omnibus' expense. Upon delivery of the goods in Atlanta on November 6, 1975 the trucker demanded payment C. O. D. from Mrs. Westover. A telephone call was then made to United's home office, which authorized delivery of the goods based on the credit of Omnibus. Mrs. Westover accepted the goods and signed the bill of lading which had been marked C. O. D. The bill of lading included a paragraph indicating that Westover would be jointly responsible for payment of the bill where credit had been extended for the unpaid charges. United billed Omnibus on January 8, 1976; Omnibus failed to pay the bill and the instant case was brought when United was unable to collect from Omnibus. Westover defends on the grounds of a special contract making Omnibus, not Westover, responsible, and on failure of United to bill for the transportation charges within the time required by federal regulations. The trial court directed a verdict for United. Westover appeals, claiming error in directing the verdict for United as well as error in failing to direct the verdict in his behalf. We reverse.

A carrier may collect transportation charges from the shipper or from the consignee, absent a special contract under which the carrier agrees to relieve one or the other. *Aero Mayflower Transit Co. v. Harbin,* 126 Ga. App. 72, 73 (190 SE2d 91) (1972) and cits. Where, as here, the shipper and the consignee are the same person, an agreement that the transportation costs will be billed to another party, such as the employer of the shipper/consignee, does not constitute a "special contract." *Allied Van Lines v. Hanson,* 131 Ga. App. 506, 507 (206 SE2d 108) (1974).

However, the decision in the instant case is controlled by the rules of the Interstate Commerce Commission. 49 CFR § 1322.3 provides that "Freight bills for all transportation charges shall be

presented to the shippers within 7 calendar days . . . following delivery of the freight except that motor common carriers of household goods . . . shall present their freight bills for all transportation charges to the shipper within 15 calendar days . . . following delivery of the freight."

Additionally, 49 CFR § 1322.1 (a) states that "common carriers by motor may relinquish possession of freight in advance of payment of the tariff charges thereon and may extend credit in the amount of such charges to those who undertake to pay them, such persons herein being called shippers . . ." 49 CFR § 1322.1 (d) extends the credit period of 7 days to 30 days for any shipper who has not paid the carrier's freight bill and additionally, assesses a 1% service charge on the freight bill.

Appellant contends that United has violated ICC regulations by failing to bill either Omnibus or himself within the statutory period and therefore is estopped from attempting to collect the charges. The evidence discloses that Westover signed the bill of lading when his household goods were picked up by United's driver. Mrs. Westover signed the bill of lading to indicate receipt of the goods, and was given the consignee's copy of the bill of lading. The final cost of the shipment was not indicated on the bill of lading given to Mrs. Westover. The evidence discloses clearly that Omnibus was to be charged with the shipping costs and that an invoice was sent to Omnibus January 8, 1976. United contends that leaving the consignee's copy of the bill of lading with Mrs. Westover constitutes presentation of the freight bill to the shipper within 15 days following delivery of the freight. We do not agree. The consignee's copy of the bill of lading indicated that Omnibus was to be billed for the transportation costs, that it was a credit transaction, that the "prepaid" amount due was $2,313.49, and that the estimated charges were $1,333.58. The bill sent to Omnibus in January indicated that shipping charges were adjusted to $2,281.19 to which $22.81 was added as "credit service charge" if the bill was not paid within 7 days, in accordance with 49 CFR § 1322.1 (d), supra. There was no indication that United intended the consignee's copy of the bill of lading left with Mrs. Westover to be a final bill, if indeed it was a bill at all. Rather, the evidence discloses that she was asked to sign the bill of lading and was given a copy of it as a receipt for the goods delivered. Under these circumstances, we hold that neither the consignee, the shipper nor the persons undertaking to pay the charges were billed within the required time period. *Aero Mayflower Transit Co. v. Harbin,* supra, p. 74; *Allied Van Lines, Inc. v. Hanson,* supra, p. 507; *Brown Transp. Corp. v. Atcon, Inc.,* 144 Ga. App. 301, 303 (241 SE2d 15) (1977).

In *Allied Van Lines,* supra, a similar bill of lading which the defendant had also signed as shipper and consignee was introduced in evidence, and this court held that the moving company's claim must fail because the shipper (employee) had not been billed. We conclude the same situation exists here. Accordingly, the trial court should have directed the verdict in favor of Westover, not United.

*Judgment reversed with direction that verdict and judgment be entered for Westover. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED MARCH 6, 1980 —
DECIDED JUNE 13, 1980 —

*C. Cyrus Malone,* for appellant.
*James Cifelli,* for appellee.