A94A1150. McLEAN et al. v. HADEN.
(448 SE2d 69)

BEASLEY, Presiding Judge.

The Northside Bank & Trust Company ("Northside") filed a complaint against Universal Mixer Holdings, L.P., ("Universal"), Mc-

Lean, Searcy, Haden, and Williams. The complaint alleged that Universal executed two promissory notes to Northside in the original principal amount of $200,000 each, the notes were guaranteed by the individual defendants, Universal defaulted on the notes, and defendants failed to satisfy Northside's demand that they pay the amount due.

Haden filed a cross-claim against McLean, Searcy, and Williams for contribution and indemnity, on the ground that Northside had exercised its right to sell shares of stock pledged by him as collateral on the loans and had applied the proceeds of the sale to the payment of amounts due.

Northside moved for summary judgment, stating that after applying proceeds from the sale of the Haden stock and other monies to reduce amounts owed under the notes, there is still an undisputed principal indebtedness of approximately $90,000 under one of the notes and unpaid interest.

McLean, Searcy, and Williams amended their answer by adding a defense in which they asserted that Haden and agents of Universal had committed fraud against them by wilfully and maliciously withholding and falsifying the true financial condition of Universal and that they relied upon this information when they signed the guaranties.

After dismissing his cross-claim against Williams without prejudice, Haden moved for summary judgment on his cross-claim against McLean and Searcy. He argued that their affidavits do not create a genuine issue of material fact and that their subsequent deposition testimony reveals that they do not have any grounds upon which to base their defense of fraud.

Northside later voluntarily dismissed this action against all defendants with prejudice. Several days later, Northside filed a motion to correct the dismissal, stating that it had intended to dismiss the action against Haden with prejudice but to dismiss the action against the other defendants without prejudice. The court granted the motion.

Haden then filed an amendment to his cross-claim to reflect that Northside had assigned the unsatisfied note and the guaranties of McLean and Searcy to him. He later moved for summary judgment on his amended cross-claim and to amend the style of the case to reflect the dismissal of portions of the action. Searcy thereafter submitted an affidavit in opposition to Haden's motion for summary judgment. After a hearing, the court granted Haden's motions to amend and for summary judgment.

1. In reliance upon the affidavits submitted by McLean and Searcy with their amended answer as well as Searcy's deposition, they argue that there exist genuine issues of material fact on their defense

of fraud.

In these affidavits, McLean and Searcy testified that Haden and agents of Universal had provided them with "certain information concerning the financial condition and viability of Universal" which was false and had withheld "the true financial condition and viability of Universal" from them. This does not state circumstances constituting fraud with specificity. If the charges of fraud in these affidavits had been allegations in pleadings, they would not have been stated with the particularity required by OCGA § 9-11-9 (b). Compare *Hiller v. Culbreth*, 139 Ga. App. 351 (2) (228 SE2d 374) (1976), and cits. As affidavits in support of allegations of fraud, they were insufficient to create genuine issues of material fact.

In his deposition, Searcy was questioned as to information concerning the financial condition and viability of Universal upon which he had relied. He testified that there were documents provided by Haden to the other partners in which it was stated that there would be between $55,000 and $60,000 in Universal's checking account after the loans from Northside to Universal were closed and that there would be strict adherence to all loan covenants, including those pertaining to Universal's net worth and its debt-to-worth ratio; that such statements were false, in view of the fact that there was $50,000 in outstanding debt owed by Universal which did not appear in any of the documentation; and that payment of this debt depleted Universal's checking account within a week after closing.

As set forth in Searcy's deposition testimony, his and McLean's fraud defense is founded upon their being provided with documents containing fraudulent statements. They were required to either produce the documents or account for their non-production. See *Butts v. Maryland Cas. Co.*, 52 Ga. App. 838 (2) (184 SE 774) (1936). They have done neither, even though in moving for summary judgment on his cross-claim Haden argued that their fraud defense was without evidentiary support. Under these circumstances, the trial court did not err in granting Haden's motion for summary judgment. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

2. McLean and Searcy argue that Haden has no claim against them because Northside voluntarily dismissed its claim against them with prejudice.

"The voluntary dismissal here 'with prejudice' was plainly a mistake. It was discovered promptly and immediate action taken to have the error corrected. The defendants claim no prejudice beyond that which is experienced from a voluntary dismissal without prejudice. . . . [T]he error was a clerical mistake and its correction was proper. [Cit.]" *Page v. Holiday Inns*, 245 Ga. 12, 13 (262 SE2d 783) (1980).

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED AUGUST 15, 1994.

*Kunz & Associates, Robert A. Kunz*, for appellants.
*Alembick, Fine & Callner, Mark E. Bergeson*, for appellee.