## A00A0521. JARALLAH v. SCHOEN et al.
### (531 SE2d 778)

McMURRAY, Presiding Judge.

This action arises from prior litigation involving these parties. In *JarAllah v. American Culinary Federation,* 242 Ga. App. 595 (529 SE2d 919), this Court affirmed a judgment denying Tajuddin JarAllah's request under OCGA § 14-3-1604 (c) for an award of costs and attorney fees against appellees American Culinary Federation, Inc., Greater Atlanta Chapter, ("ACF") and its president, Malcolm Stanchfield. JarAllah's request was based on an order issued on June 24, 1998, permitting him to inspect and copy ACF's records.

After the hearing at which the order was entered, JarAllah filed this action pro se against ACF, Stanchfield, and their attorneys, Robert D. Schoen and Fred L. Somers, Jr., P.C., raising 20 claims based on alleged conduct by appellees which took place during the course of the litigation.[1] The trial court determined that the complaint asserted causes of action for defamation, fraud, fraudulent inducement, and violation of JarAllah's constitutional rights.

Appellees moved for summary judgment, which was granted on all claims except defamation. Summary judgment was denied on that part of JarAllah's defamation claim which alleges that appellees made damaging statements about him outside the context of the litigation. JarAllah appeals. We affirm. *Held:*

1. In his first enumeration of error, JarAllah claims summary judgment was improperly granted on his claims of fraud and fraudu-

---

[1] The complaint alleges the following claims:
Breach of Agreement, Fraudulent Misrepresentation, Fraudulent Inducement, Fraud of Deceit, Defamation, Breach of Fiduciary Duty, Malicious Abuse of Process, Conspiracy against Plaintiff's Legal, Statutory and Civil Rights, Failure to Prevent and/or to aid in preventing any wrongs mentioned in section 1985 of Title 42, Denial of Constitutional Rights of Access to Court and Due Process of Law, Obstruction of Justice, Misbehavior of Court Officer in their Official Transaction, Lying and Covering up, Intentional Infliction of Emotional Distress, Wrongful Civil Proceedings, Tortious Interference with Plaintiff's Statutory and Constitutional Rights, Abusive Litigation, Ratification, and Negligence.

lent inducement. We disagree.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient *to create a jury* issue on at least one essential element of plaintiff's case. . . . If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e).

(Emphasis in original.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). On appeal from a grant of summary judgment, this Court must conduct a de novo review.[2]

We are unable to discern the true basis for JarAllah's claims because he failed to plead them with the particularity required by OCGA § 9-11-9 (b).[3] As best we can determine, JarAllah alleges the following: in 1984 he joined ACF, a national professional chef's organization; appellees falsely represented to the trial court in this action as well as the prior litigation that the true name of ACF is Chef's Association of Greater Atlanta, Inc. ("CAGA");[4] ACF's officers falsely represented to him that he would enjoy all of the nonprofit corporation's rights and privileges; and he was fraudulently induced to join and maintain membership in the organization.

In support of his claim, JarAllah submitted a copy of three canceled checks dated May 1998 and drawn on the account of "Greater Atlanta Chapter of the American Culinary Federation, Inc." JarAllah also tendered a transcript of a telephone conversation he purportedly had with an officer of ACF, who expressed a desire to resolve matters between ACF and JarAllah. The transcript reflects the officer's statement that the corporate name cannot be changed without a vote of the membership.

To survive a motion for summary judgment in an action for fraud (including fraudulent inducement), a plaintiff must come forward with some evidence from which a jury could find each of the following

---

[2] *Pyle v. City of Cedartown*, 240 Ga. App. 445, 446 (524 SE2d 7).

[3] *McLean v. Haden*, 214 Ga. App. 413, 415 (1) (448 SE2d 69).

[4] Appellees submitted a document purportedly issued by the office of the Secretary of State showing that CAGA was dissolved in 1981.

elements: false representation; scienter; intent to induce the plaintiff to act or refrain from acting; justifiable reliance; and damage proximately caused by the representation.[5]

Pretermitting whether a proper foundation was established for the admission of the transcript of the telephone conversation,[6] neither the statements contained therein nor any other evidence JarAllah presented to the trial court is sufficient to create a jury issue on his claims that appellees defrauded him or fraudulently induced him to join or remain a member of their organization. Accordingly, the trial court's ruling was correct.

2. We reject JarAllah's contention that the trial court erred in ruling that no genuine issue of material fact existed as to his remaining causes of action, which are: breach of agreement; breach of fiduciary duty; malicious abuse of process; wrongful civil proceedings; tortious interference with plaintiff's statutory and constitutional rights; denial of constitutional rights of access to court and due process of law; conspiracy against plaintiff's legal, statutory, and civil rights; failure to prevent and/or aid in preventing any wrongs mentioned in § 1985 of Title 42; and ratification.

Having reviewed the record, we find that the appellees have pierced JarAllah's allegations as to each remaining cause of action, making it incumbent upon JarAllah to come forward with evidence supporting those claims.[7] JarAllah's affidavit asserts that during a meeting of ACF, its chapter president stated: "What we Blacks and Female need to understand is that, America is a white male dominated society." This assertion fails to create a triable issue concerning violation of any of JarAllah's constitutional rights.

> "The summary judgment law does not require the defendant to show that no issue of fact remains, but rather (that) no *genuine* issue of material fact remains . . . ; and while there may be some 'shadowy semblance of an issue' . . . , the case may nevertheless be decided as a matter of law where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion. (Cits.)" *McCray v. Hunter*, 157 Ga. App. 509, 511-512 (277 SE2d 795) (1981).

*Walston v. White*, 213 Ga. App. 441, 443 (444 SE2d 855).

JarAllah has presented no evidence creating a genuine issue as

---

[5] *Pyle*, supra at 447 (1); *Todd v. Martinez Paint & Body*, 238 Ga. App. 128 (1) (517 SE2d 844); *Reeves v. Edge*, 225 Ga. App. 615, 617-618 (2) (484 SE2d 498).

[6] See *Cannady v. Lamb*, 146 Ga. App. 850 (1) (247 SE2d 500).

[7] *Hyde v. Gill*, 236 Ga. App. 729, 731 (1) (513 SE2d 278); *Mullen v. Nezhat*, 223 Ga. App. 278, 282 (3) (477 SE2d 417).

to any of the enumerated claims.

3. Next, JarAllah claims summary judgment was improperly granted on that part of his defamation claim that relates to statements allegedly made by appellee Schoen at the courthouse on June 24, 1998. This contention is without merit.

In his affidavit, JarAllah deposed that appellee Schoen called him a liar and a trouble maker and accused him of wasting ACF/CAGA's money and abusing the legal system. In support of their motion for summary judgment, appellees submitted the affidavit of appellee Stanchfield, in which he deposed as follows: he heard all statements made by Schoen to JarAllah at the courthouse; and Schoen never stated that JarAllah was a liar, a trouble maker, a waster of ACF/CAGA's money, or an abuser of the legal system.

Under OCGA § 51-5-7 (formerly Code Ann. §§ 105-704; 105-709),

> [a]n attorney at law has a conditional privilege to make, during the progress of a trial, such fair comments on the circumstances of the case and the conduct of the parties in connection therewith as in his judgment seem proper. . . . The attorney at law is protected by his privilege, on account of words spoken in the discharge of his duty in the regular course of judicial proceedings in the courts, unless express malice is proved.

*Atlanta News Publishing Co. v. Medlock*, 123 Ga. 714-715, hn. 5, 720 (51 SE 756).

Further, we observe that:

> "[p]ublication is indispensable to recovery for libel or slander. (Cits.) A defamatory matter is published as soon as it is communicated to any person other than the impugned party. (Cits.)" *Roberts v. Lane*, 210 Ga. App. 10, 11 (1) (435 SE2d 227) (1993); [cits.]

*Baskin v. Rogers*, 229 Ga. App. 250, 252 (3) (493 SE2d 728).

While generally, whether an allegedly defamatory communication was privileged or uttered with malice are jury questions,[8] in the case sub judice, JarAllah failed to come forward with evidence that any communication at issue was made to, or heard by, anyone other than him. Therefore, appellees were entitled to summary judgment on this aspect of JarAllah's defamation claim.

4. The trial court granted JarAllah sufficient time to conduct discovery.

---

[8] *O'Neal v. Home Town Bank of Villa Rica*, 237 Ga. App. 325, 334 (8) (514 SE2d 669).

JarAllah had requested an extension of time to conduct discovery because appellees Schoen and Stanchfield had not been served with process; JarAllah claimed they were avoiding discovery. In an order entered on June 30, 1999, the trial court denied JarAllah's request as moot, finding that the defendants had been served, answered, and were participating in discovery. The record reveals that Schoen and Stanchfield served their discovery responses upon JarAllah on June 28, 1999, although JarAllah claimed he did not receive them until July 12.

> When faced with a motion for summary judgment and the unavailability of evidence to rebut such motion, OCGA § 9-11-56 (f) provides, "(s)hould it appear from the affidavits of a party opposing the motion that he cannot, for reasons stated, present by affidavits facts essential to justify his opposition, the court . . . may order a continuance to permit . . . discovery to be had." . . . The granting or denial of a motion under OCGA § 9-11-56 (f) lies in the sound discretion of the trial judge and will not be reversed absent a showing of clear abuse of discretion.

*NationsBank, N.A. v. SouthTrust Bank &c.*, 226 Ga. App. 888, 895-896 (2) (487 SE2d 701).

In his affidavit, JarAllah claimed: appellees provided him with illegible documents and waived the attorney-client privilege "by putting their character in issue." He did not demonstrate that a continuance would lead to the discovery of relevant evidence. There was no abuse of discretion.

5. Appellees' motion to impose a frivolous appeal penalty is denied.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED MARCH 20, 2000 —
RECONSIDERATION DENIED APRIL 10, 2000 — 

Tajuddin JarAllah, *pro se.*
*Robert D. Schoen,* for appellees.