### 33524. RAYMOND ROWE FURNITURE COMPANY *v.* SIMMS.

DECIDED JUNE 22, 1951.

*W. Stanford Willis,* for plaintiff.
*Joseph S. Ray,* for defendant.

WORRILL, J. Raymond Rowe Furniture Company sued J. G. Simms to recover a deficiency judgment of $424.90 plus interest upon a certain conditional-sales contract which the plaintiff had previously foreclosed. The articles allegedly sold to the defendant and the price agreed to be paid as shown by the contract sued on were, "One Gibson Elec. Stove $269.50, One Crosley Refrigerator $279.50, One Set Dishes $45.90" and one floor lamp. The defendant answered admitting the execution of the contract and alleging by way of defense that he purchased from the plaintiff, "one Gibson Electric Stove, one new 1950 Crosley Refrigerator, and that one set of dishes, and one floor lamp were to be given him free for said purchase; that plaintiff did not deliver to him the merchandise purchased by him, but instead, delivered one used 1949 Crosley Refrigerator, which he did not purchase, and for which plaintiff charged him the full price of a 1950 new Crosley Refrigerator." The answer further alleged: that "Defendant shows that within a day or two after delivery to him of the used 1949 Crosley Refrigerator, together with the Gibson Electric Stove, dishes and floor lamp,

he notified plaintiff that he had not delivered to him the property purchased by him; that he was not going to pay for the property delivered, wanted plaintiff to remove same, and to deliver to him the property purchased instead; that plaintiff informed him he would investigate and make good the property purchased instead of that delivered, but that said plaintiff failed to do so; that defendant time and time again, the exact dates of which are unknown to him, but well known to plaintiff, informed plaintiff that he would not pay for the property delivered to him since it was not the property purchased, but that plaintiff still failed to do anything about it or deliver to defendant the property purchased by him, even though defendant insisted upon plaintiff removing the property delivered to him, which he had not purchased. . . Defendant further shows that plaintiff by his failure to deliver to him the property purchased by him, breached the contract and that defendant refused to make any payments thereon because of plaintiff's breach of contract." The answer then alleged that the defendant had at all times been willing to abide by the terms of the contract provided the plaintiff would deliver to him the merchandise purchased, and it denied any indebtedness to the plaintiff but alleged that the plaintiff was indebted to the defendant for the amount paid by the defendant on the contract for goods purchased but not delivered. The plaintiff demurred to the plea and answer generally on the ground that it showed no defense to the petition. The trial court overruled this demurrer, the plaintiff excepted pendente lite, the case proceeded to trial and a verdict for the plaintiff for $100, and judgment was entered thereon. The plaintiff filed its bill of exceptions to this court assigning error on its exceptions pendente lite to the order overruling the demurrer to the answer, contending that had the answer been stricken the plaintiff would have had a judgment by default for the full amount sued for.

The principal contentions made by the plaintiff in error are that the answer fails to allege fraud eo nomine and that the defendant is precluded from asserting that the refrigerator purchased was a new 1950 Crosley Refrigerator since the written contract of sale does not so describe it.

We shall consider these propositions in their inverse order.

The answer to the second contention presents no great difficulty. Clearly the contract of sale was ambiguous or completely lacking as to a description of the model, style and size of refrigerator intended to be sold. Under such contract the door was open to the parties to show by parol evidence just what model, style and size of refrigerator was intended to be conveyed by the contract. Code, § 20-704; *Tarbutton* v. *Duggan,* 45 *Ga. App.* 31 (5) (163 S. E. 298). Such being the case the defendant was entitled to plead defensively that the refrigerator delivered to him was not the one purchased, and the allegations of the answer were sufficient for this purpose.

As to the first contention, we think it is sufficient to say that as against the general demurrer interposed, the answer sufficiently alleged a breach of the contract of sale by the plaintiff which entitled the defendant to rescind. While fraud is not alleged in so many words, the answer shows that the plaintiff sold the defendant one thing and delivered to him another, and that promptly upon discovery of the facts the defendant tendered the property delivered back to the plaintiff. As against the general demurrer this raised an issuable defense entitling the defendant to go to the jury on his plea. See *Armsby Co.* v. *Shewmake & Murphy,* 113 *Ga.* 1086 (1) (39 S. E. 473); *Allison* v. *Thomas,* 20 *Ga. App.* 255 (1) (92 S. E. 1011); *Snellgrove* v. *Dingelhoef,* 25 *Ga. App.* 334 (1) (103 S. E. 418).

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*