## 55555. CRESTLAWN MEMORIAL PARK v. SCOTT.

BIRDSONG, Judge.

This case concerns a jury verdict on a contract obligation. Appellant Crestlawn Memorial Park, Inc. (Crestlawn) purchased a parcel of land dedicated to use as a cemetery from Scott Properties in 1967, for which Crestlawn executed a note in the amount of $40,000. This note was assigned to the appellee Scott in 1968 prior to maturity. The note called for 72 installments with the entire unpaid principal of the note due and payable in May, 1973. Payments were made on the note through December, 1971, after which the note remained unsatisfied until March, 1975, when suit was brought upon the unpaid balance, then amounting to $ 17,812.86, including principal and interest. Appellee Scott also sought $1,782.28 attorney fees as provided by the note.

In 1968, Crestlawn and Scott Properties entered into an an agreement whereby Crestlawn transferred three tracts of land to Scott Properties in exchange for which Scott Properties transferred one tract of land to

Crestlawn. As a condition to these conveyances, the parties agreed to erect a chain link fence and a decorative concrete block wall along the property lines of several of the conveyed tracts. It was agreed that the cost of this fence and wall would be approximately $10,000. The agreement provided that Crestlawn would be given a $10,000 credit against the $40,000 indebtedness already owing to Scott Properties and that the credit would be applied to the last payments on the $40,000 note. The agreement also provided that when Crestlawn decided to erect the fence and wall, it would furnish plans and specifications to Scott Properties, and that Scott Properties would have the option to build the fence and wall at its own expense, thus canceling the $10,000 credit and rendering the entire $40,000 payable. It is uncontested that the fence and wall were never erected.

In its answer, Crestlawn admitted the remaining indebtedness, but claimed that the principal was subject to a $10,000 credit as provided in the 1968 agreement, thereby reducing the admitted indebtedness to not more than $2,750 including principal and interest. Crestlawn also admitted owing attorney fees in an amount not exceeding $275. A counterclaim, not now in dispute, was also filed seeking certain legal fees for preparation of the 1968 agreement. Crestlawn amended its answer denying liability for any attorney fees inasmuch as Scott did not give proper statutory notice of intent to collect such fees.

Prior to trial, Crestlawn moved for partial summary judgment seeking to limit its liability to the lesser amount admitted due after application of the $10,000 credit. The trial court denied the motion and refused to issue a certificate of immediate review. Thereafter, at trial, Crestlawn sought by motion for directed verdict, to have the trial court enforce the contract as an unambiguous agreement in writing. The trial court submitted the contract to the jury setting forth the contentions of the parties. Crestlawn also sought unsuccessfully to have the trial court instruct the jury upon the legal requirements of notice antecedent to collection of attorney fees. Crestlawn objected to the trial court submitting the contract to the jury and charging the jury that in determining the import of a contract the jury had to ascertain the true intent of the

parties (Code Ann. § 20-702). Crestlawn also objected to the giving of a charge that "time is not generally of the essence of a contract, but, by express stipulation or reasonable construction, it may become so" (Code Ann. § 20-704 (9)). After the jury reached a verdict for Scott for the full amount demanded, Crestlawn unsuccessfully moved for a new trial and judgment notwithstanding the verdict. In its eight enumerations of error, Crestlawn urges error in each of the above adverse decisions by the trial court. *Held:*

1. Though there are eight enumerations of error, the principal contention is founded in the refusal of the trial court to rule as a matter of law upon the contract and the allegedly erroneous submission of that agreement for interpretation by the jury. We find no error. Notwithstanding the simplicity of the verbiage therein, the meaning of the language in the agreement and the intent of the parties was a matter in dispute at the time of trial. Crestlawn has insisted throughout that the agreement provided for a $10,000 credit whether or not a fence and wall were built, the exception being that if Scott Properties expended the money and effort to build them, then the credit was to be canceled. Scott, on the other hand, has insisted that the building of the wall and fence was a part of the consideration of the transfer of the parcels of property and that in order for Crestlawn to earn the credit, Crestlawn had to build the wall and fence before the expiration of the term of the contract or allow Scott Properties to build them if it (Scott Properties) wished to build the fence and wall at a lesser cost than $10,000. This disagreement as to the intent of the parties was an evidentiary, factual matter for resolution by the jury and not a matter of law for determination by the court. *Shippen Bros. Lumber Co. v. Gates,* 136 Ga. 37, 42 (1b) (70 SE 672); *Gledhill v. Brown,* 44 Ga. App. 670, 673 (2)(162 SE 824). The trial court did not err in submitting this issue to the jury. Accordingly, it was not error for the trial court to charge upon the provisions of Code Ann. §§ 20-702 and 20-704 (9), these provisions of contract law being proper and necessary guidelines for the jury to consider and apply in their deliberation.

2. Crestlawn also enumerates as error the refusal of

the trial court to charge upon the requirements of notice prior to claiming attorney fees (Code Ann. § 20-506). Crestlawn admitted in its answer that it owed attorney fees but attempted to limit the amount thereof because of its contention that it was due a $10,000 credit. Thereafter, in an amendment, Crestlawn denied any liability for attorney fees for failure by Scott to plead and prove proper notice. The trial court determined that the initial admission established liability for attorney fees and left the matter to the jury to determine the amount. We conclude that the trial court was correct. The law is clear that where a plea both admits and denies a particular issue, the admission, and not the denial must prevail. *Lansky v. Goldstein,* 136 Ga. App. 607, 608 (222 SE2d 62). Inasmuch as Crestlawn admitted liability for attorney fees, it was not incumbent upon Scott to prove that fact nor for the trial court to require the jury to find that notice was given. See *Walden v. Camp,* 206 Ga. 593, 602 (58 SE2d 175); *Milton Inn v. Spiva,* 138 Ga. App. 843, 844 (227 SE2d 525).

3. Crestlawn contends that the trial court erred in failing to charge upon the necessity of notice to accelerate the promissory note. This contention is without merit. The note matured in May, 1973, and, by express language in the note, became due and payable in full. Suit was brought in 1975. As a matured note, any question of acceleration therefor was irrelevant. The trial court did not err in refusing to charge upon this issue.

4. Crestlawn urges error in the denial of its motion for partial grant of summary judgment. For the reasons enunciated above, the trial court properly denied that motion upon the grounds urged. Furthermore, after verdict and judgment, it is too late to review a judgment denying summary judgment upon the same issues leading to the verdict and judgment. *Hiller v. Culbreth,* 139 Ga. App. 351 (228 SE2d 374); *Mullinax v. Singleton,* 139 Ga. App. 704, 705 (229 SE2d 518).

5. In view of our previous rulings in this case, the remaining enumerations of error are all without merit.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

Submitted February 28, 1978 — Decided June 23, 1978 — Rehearing denied July 14, 1978 — 

*Crowe & Manheim, Alan C. Manheim,* for appellant.
*Peek & Whaley, J. Corbett Peek, Jr., James Garland Peek,* for appellee.