A94A0771. SOUTHEASTERN FLIGHT ACADEMY v. HAZELL.
(444 SE2d 402)

COOPER, Judge.

On or about September 4, 1991, plaintiff Jonathan Hazell, an Australian citizen, forwarded an application and $1,000 deposit for entry into a five-month professional pilot course with defendant Southeastern Flight Academy. The total cost of the program was $20,500, and plaintiff elected to pay his tuition by selecting the two-payment plan offered by defendant in which one-half of the total cost of the program was to be paid at registration and the balance of the tuition was due within forty-five days following registration. After finding out that he had been accepted to the program, plaintiff wired the balance of the first tuition payment in the amount of $9,180 ($10,180 less the deposit) to defendant.

Plaintiff arrived at defendant's school on September 28, 1991, and executed defendant's enrollment agreement. The enrollment agreement provided that if a student withdrew from the school, a tuition refund would be made "based on the remaining unused tuition for aircraft rental and the remaining unused tuition for instruction" in diminishing percentages tied to the duration of a student's enrollment in the school. The schedule provided that if a student withdrew within seven days or less after enrollment, the student would receive a ninety percent refund of remaining unused tuition for aircraft rental and instruction. The agreement further stated that charges for books and instructional aids, meal allowances, housing, hourly aircraft rental or block time outside course curriculum and administrative expenses were not refundable. Another page of the enrollment agreement itemized the tuition allocated to aircraft rental and instruction at $10,907.65 and set forth allocations for books and instructional aids, housing and allowances, and administrative and other expenses. However, the category of nonrefundable administrative expenses valued at $7,709.15, also included tuition for classroom instruction.

On October 1, 1991, prior to his renting any aircraft or receiving any flight instruction, plaintiff withdrew from defendant's flight school and requested a refund of 90 percent of the tuition he had paid. Defendant refused to refund any money to plaintiff and, instead, allocated all of plaintiff's first tuition payment to the nonrefundable tuition costs set forth in the contract (i.e., books, instructional aids, meal allowances, housing and administrative ex-

penses). According to defendant's calculations, plaintiff still owed defendant tuition in the amount of $503.11.

Plaintiff brought suit seeking to recover 90 percent of his first tuition payment from defendant. Both parties filed motions for summary judgment, which were denied by the trial court. The case proceeded to trial, and a jury returned a verdict of $8,130 in favor of plaintiff. This appeal follows our grant of defendant's application seeking discretionary review of the trial court's denial of its motion for summary judgment and motion for a directed verdict during trial.

1. Defendant first argues the trial court erred in denying its motions because the construction of defendant's refund policy as set forth in the enrollment agreement was a question of law for determination by the trial court.

"There are three steps in the process of contract construction. The trial court must first decide whether the contract language is ambiguous; if it is ambiguous, the trial court must then apply the applicable rules of construction (OCGA § 13-2-2); if after doing so the trial court determines that an ambiguity still remains, the jury must then resolve the ambiguity." (Citations and punctuation omitted.) *Karlan, Inc. v. King*, 202 Ga. App. 713, 715 (1) (415 SE2d 319) (1992). "Ambiguity in a contract may be defined as duplicity, indistinctness, an uncertainty of meaning or expression." (Citations and punctuation omitted.) Id. at 715.

We have reviewed the enrollment agreement at issue in this action and agree with the trial court's determination that the contract is vague and ambiguous. The trial court found that the meaning of certain terms — "tuition," "used tuition," "unused tuition" and "instruction" — were particularly vague. The trial court also found that the enrollment agreement did not address: (1) whether the stated refund schedule is affected by a student's selection of the two-payment plan option; (2) the manner of allocation of a student's first payment toward refundable tuition and nonrefundable costs; and (3) a student's obligation to pay the second installment of tuition if he withdraws during the refund period.

Accordingly, the trial court was correct in determining that "[t]he intent of the parties to the [enrollment] agreement with respect to the [tuition refund policy was] an evidentiary, factual matter for resolution by the jury and not a matter of law for determination by the court." (Citations and punctuation omitted.) *Derosa v. Shiah*, 205 Ga. App. 106, 108 (1) (421 SE2d 718) (1992).

2. Defendant also argues that the trial court erred by failing to find that the enrollment agreement was an entire contract that required plaintiff to fulfill his obligation to pay the total contract price of $20,500 as a condition precedent to defendant's obligation to refund any portion of the tuition. We disagree.

Relying on *Heath v. Ga. Military Academy*, 95 Ga. App. 245 (97 SE2d 601) (1957), *Matthews v. Riverside Academy*, 45 Ga. App. 30 (163 SE 238) (1932) and a multitude of cases from other jurisdictions, defendant argues that where a contract for tuition is made for a specified school term and a student voluntarily leaves before the end of that term, the school is entitled to recover the full contract tuition amount from that student if the vacancy has not been filled by another pupil. However, *Heath*, *Matthews* and the other cases relied on by defendant, all concern tuition contracts that expressly provide that tuition is nonrefundable in the event a student voluntarily withdraws from the school. In the case sub judice, the enrollment agreement expressly contemplates voluntary withdrawal by a student and obligates the defendant to refund a portion of the student's tuition if the student withdraws during the refund period. Therefore, plaintiff was not obligated to pay the full tuition as a condition precedent to defendant's obligation to refund any portion of the tuition. Accordingly, the trial court did not err in refusing to grant defendant's motion for a directed verdict on this ground.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MAY 27, 1994.

*Freeman & Hawkins, H. Lane Young II, Peter R. York,* for appellant.

*Brown, Katz, Flatau & Hasty, Franklin J. Hogue,* for appellee.