A00A0141. SMITH v. PERSICHETTI et al.
(537 SE2d 441)

BLACKBURN, Presiding Judge.

In this contract dispute regarding the lease of certain real property with an option to purchase, Monroe E. Smith appeals the trial court's grant of partial summary judgment to John Persichetti and Michael O'Brien, contending that he should not be required to return a $125,000 down payment on the property to Persichetti and O'Brien after they elected not to exercise their option to purchase. For the reasons set forth below, we affirm the trial court's finding that the down payment must be returned.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant [or denial] of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

Viewed in this light, the record shows that the parties entered

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

into a "Lease With Option To Purchase" on May 19, 1997. This Lease provided as follows:

> The lease hereunder commencing May 19, 1997 and continues thence for a period of One (1) year, ending on the 1st day of July 1998. $2560.00 to be paid the St [sic] day of June 1997 and $4000.00 commencing on the 1st day of July 1997 and running for 12 months @ 4000.00 per month with $36,000.00 applied to the [principal] balance owed of $364,000.00. A downpayment of $125,000 . . . is received on May 19, 1997. Lessor herein grants to Lessee an exclusive option to purchase the property . . . for a total purchase price of $525,000 . . . , $125,000 down payment, for a period of one (1) year from July 1, 1997.

At the termination of their lease, Persichetti and O'Brien elected not to exercise their option on the property, basing their decision not to purchase on a lawsuit brought by another party against Smith raising title and marketability problems with the subject property. Persichetti and O'Brien then asked Smith to return the $125,000 down payment made by them, which Smith refused to do. Subsequently, Persichetti and O'Brien sued Smith for the return of these funds and filed a motion for summary judgment, which the trial court granted with regard to the $125,000 down payment. On appeal, Smith argues that this ruling was erroneous, contending that the contract was ambiguous with regard to the nature of the down payment. Smith further argues that the down payment was actually nonrefundable consideration paid by Persichetti and O'Brien to purchase the option.

Although Smith now argues that the payment was for an option priced in excess of 24 percent of the purchase price of the property, the record shows that he understood the payment to be "a down payment like you pay . . . on a car" at the time the contract was executed, and his current claim is spurious.

Even if we assume that the contract is ambiguous, as Smith contends, the rules of construction contained in OCGA § 13-2-2 support the trial court's finding that the $125,000 down payment should be returned. OCGA § 13-2-2 (1) provides: "Parol evidence is inadmissible to add to, take from, or vary a written contract. All the attendant and surrounding circumstances may be proved and, if there is an ambiguity, latent or patent, it may be explained." In addition, "any ambiguity in the language [of the contract] must be construed against [Smith] as the drafter." *Asian Square Partners v. Ly.*[2] The contract in

---

[2] *Asian Square Partners v. Ly*, 238 Ga. App. 165, 167 (1) (518 SE2d 166) (1999).

question was drafted by Smith.

Beginning with OCGA § 13-2-2 (1) and applying these rules of construction to the matter at hand, parol evidence exists which indicates that Smith did not, as he now contends, consider the down payment of $125,000 as consideration for an option at the time the contract was signed. In a deposition taken on September 25, 1998, Smith was asked about his understanding of the nature of the $125,000 down payment. Smith responded: "That's a down payment like you pay $10,000 on a car or something. That's a down payment [toward the purchase price]." Smith was asked this question more than once, and each time his answer was the same, making no mention of consideration for an option. In contrast, when he was asked to characterize monthly payments of $4,000, Smith indicated that the full amount of each such payment was nonrefundable rent.

Smith points to an affidavit given by him seven months after his deposition to buttress his position. In this affidavit, which was attached to Smith's response in opposition to the plaintiffs' motion for summary judgment, Smith reversed his characterization of the $125,000 down payment, describing it for the first time as "consideration for the exclusive option to purchase the property."

According to *Prophecy Corp. v. Charles Rossignol, Inc.*,[3] testimony given by a nonmoving party which contradicts other testimony given by that party will be construed against him on a motion for summary judgment. With regard to the down payment in this case, Smith's affidavit contradicts his deposition testimony, as the $125,000 payment cannot be both "a down payment like you pay $10,000 on a car" and "consideration for the exclusive option to purchase the property." No explanation exists in the record which explains this contradiction. The conflict between Smith's affidavit testimony and his deposition testimony must be construed against him.

The dissent contends both that *Prophecy* does not apply in this case and that its application is irrelevant. However, both Smith's case and the dissent's opinion depend on his affidavit. The dissent correctly finds that the term "down payment" is unambiguously defined as "a part of the full purchase price paid at the time of purchase or delivery with the balance to be paid later." The dissent, however, then incorrectly construes the term "down payment" in favor of the *drafter* of the contract. The dissent contends that the term "down payment," notwithstanding its unambiguous definition, might encompass both " 'a part of the full purchase price paid at the time of purchase or delivery with the balance to be paid later,' " and a

---

[3] *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680) (1986).

payment in consideration of an option. The only evidence that the $125,000 was a payment for the option is contained in Smith's affidavit generated seven months after his depositions with which it conflicts, in response to appellees' motion for summary judgment. Because the affidavit is the only evidence of Smith's contention, it is relevant, and, because it conflicts with his deposition and he is the nonmoving party, *Prophecy* requires that this conflict in evidence be construed against him.

The purchase of an option to buy real estate creates a separate and distinct property right that is *not* a part of the real estate subject to that option. At the moment that the option agreement is entered into, the transaction is complete, and the full property right has passed. On the other hand, when one makes a down payment on real property, one is making a partial payment for the subject property, and full ownership interest in the property does not pass to the buyer until the purchase price has been paid in full. Here, the purchase of the option to buy the subject parcel of real property was a different transaction from the purchase of the real property itself. Applying the unambiguous definition described above, the $125,000 was to be applied as a down payment on the real property itself, upon the purchasers' exercise of their option to buy such property, rather than the nonrefundable purchase price of the option. Employing the undisputed definition of "down payment," they cannot be considered the same. As such, *Prophecy* applies.

Moreover, the application of *Prophecy* is not irrelevant in this case. To describe his understanding of the nature of the down payment, Smith has proffered two conflicting interpretations: (1) it was "a down payment like you pay $10,000 on a car" or (2) it was "consideration for the exclusive option to purchase the property." *Prophecy* precludes us from considering the latter interpretation. Therefore, we must limit our construction of the meaning of "down payment" to the content of Smith's deposition. Therein, he stated that the down payment was like one made on a car. With regard to this interpretation, Smith never deposed that this payment was nonrefundable, although, in the same deposition, he repeatedly characterized the payments of $4,000 a month as nonrefundable rent. In fact, Smith never described the down payment as a nonrefundable obligation until he was faced with a summary judgment motion based on his deposition testimony. *Prophecy* will not allow Smith to alter his testimony regarding the nature of the down payment in order to defeat summary judgment.

Therefore, the trial court appropriately rejected Smith's argument that he was entitled to keep the plaintiffs' payment of $125,000 as consideration for an option to purchase the property and required that said sum be returned to Persichetti and O'Brien. The rules of

construction require this result.

*Judgment affirmed. Johnson, C. J., Pope, P. J., and Phipps, J., concur. Eldridge, Barnes and Mikell, JJ., dissent.*

BARNES, Judge, dissenting.

I respectfully dissent because a jury issue exists as to whether the lease option contract requires Smith to return the $125,000 down payment made by Persichetti and O'Brien.

> There are three steps in the process of contract construction. The trial court must first decide whether the contract language is ambiguous; if it is ambiguous, the trial court must then apply the applicable rules of construction (OCGA § 13-2-2); if after doing so the trial court determines that an ambiguity still remains the jury must then resolve the ambiguity.

(Citation and punctuation omitted.) *Karlan, Inc. v. King*, 202 Ga. App. 713, 715 (1) (415 SE2d 319) (1992). On appeal, we must review the record de novo to determine whether the trial court correctly construed the contract. *Sagon Motorhomes v. Southtrust Bank of Ga.*, 225 Ga. App. 348, 349 (484 SE2d 21) (1997).

In this case, I agree with the trial court's conclusion that the phrase "down payment" is unambiguous. A down payment is "a part of the full purchase price paid at the time of purchase or delivery with the balance to be paid later." Webster's Ninth New Collegiate Dictionary (1984). However, I disagree with the trial court's conclusion that this down payment must be returned, as a matter of law, because the plaintiffs declined to exercise the option. The contract is silent with regard to whether the $125,000 down payment should be forfeited, or, alternatively, refunded, if the appellees elected not to exercise their option to purchase the commercial property. The "usual and common signification" of "down payment" also fails to answer this question. See OCGA § 13-2-2 (2). As there is no language to construe, the rule that ambiguous contract language should be construed against the drafter provides no assistance either. See OCGA § 13-2-2 (5). Thus, we must turn to parol evidence to determine the intent of the parties. See OCGA § 13-2-2 (1); *Raymond Rowe Furniture Co. v. Simms*, 84 Ga. App. 184, 186 (65 SE2d 830) (1951) (parol evidence admissible when contract of sale "completely lacking as to a description of the model, style and size of refrigerator intended to be sold").

In this case, the evidence on the parties' intent conflicts. Appellees contend that Smith could retain their down payment only if they actually purchased the property. Smith contends, on the other hand,

that the down payment was not refundable because it was also consideration for the option to purchase. In an affidavit submitted in opposition to the appellees' summary judgment motion, Smith averred:

> 4. The parties to the Agreement never discussed the return or refund of any money to the Plaintiffs and it was never the intent of the parties for the Defendant to refund any money to the Plaintiffs. 5. The $4,000 per month referred to in paragraph 2 of the Agreement was strictly rent and the Affiant agreed to allow $36,000 credit towards the purchase price if and only if the Plaintiffs purchased the property. 6. The $125,000 down payment was paid on May 19, 1997 as consideration for the exclusive option to purchase the property and it was never the intent of the parties to the Agreement to refund said $125,000 but only to give credit towards the purchase price if and only if the Plaintiffs purchased the property.

The majority incorrectly concludes that this affidavit conflicts with Smith's deposition testimony.[4] Appellant did not testify that the $125,000 was *only* a down payment, and he was never asked about the consideration for appellees' option to purchase. "[T]o 'contradict' is 'to assert the contrary.'" *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2), n. 3 (343 SE2d 680) (1986). In this case, Smith explained in his affidavit that the down payment was consideration for the option that would also be applied toward the purchase price if the appellees purchased the property. There is no inconsistency in this testimony because the parties could have intended that the $125,000 serve as both consideration and a down payment.

More importantly, application of the *Prophecy* rule of construction does nothing to the analysis in this case. The issue in this case is *not* whether the $125,000 should be considered a down payment. The

---

[4] The deposition testimony relied upon by the majority follows:

Q. What is the down payment that's referred to?

A. That's a down payment like you pay $10,000 on a car or something. That's a down payment.

Q. A down payment toward the purchase price?

A. Yes.

. . .

Q. And again, it was your understanding as it says in paragraph 3 that the $125,000 was to be down payment relating to that purchase?

A. Yes.

issue is whether this "down payment" would be forfeited or refunded if the appellees failed to exercise their option. Because the parties' intent with regard to this issue is disputed, it should be resolved by a jury. See *Southeastern Flight Academy v. Hazell*, 213 Ga. App. 369, 370 (1) (444 SE2d 402) (1994) (intent of parties with respect to tuition refund policy "evidentiary, factual matter for resolution by the jury and not a matter of law for determination by the trial court"). See also *Crestlawn Mem. Park v. Scott*, 146 Ga. App. 715, 717 (1) (247 SE2d 175) (1978).

I am authorized to state that Judge Eldridge and Judge Mikell join in this dissent.

DECIDED JULY 14, 2000 —
RECONSIDERATION DENIED JULY 27, 2000 ▮▮▮▮▮▮▮

*Adkins & Whitfield, Russell L. Adkins, Jr.*, for appellant.
*Womble, Carlyle, Sandridge & Rice, Nisbet S. Kendrick III, Caroline K. Bell*, for appellees.